Henry Alex VALDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–97–00352–CR.

Court of Appeals of Texas,
El Paso.

April 29, 1999.

Rehearing Overruled June 23, 1999.

347

Gregory C. Anderson, Anderson, Anderson, Bright & Crout, El Paso, for Appellant.

Jaime E. Esparza, District Attorney, El Paso, for State.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## *O P I N I O N*

SUSAN LARSEN, Justice.

Henry Alex Valdez appeals his conviction for the sexual assault of H.O., an adult male with mental disabilities. A jury found Valdez guilty and sentenced him to eleven (11) years incarceration in the Institutional Division of the Texas Department of Criminal Justice with a fine of $2,500. We reverse and remand.

### *FACTS*

H.O. lives in a group home, New Avenues of Hope. Appellant Henry Valdez was

employed at New Avenues of Hope. H.O. was acquainted with Henry Valdez and visited his apartment several times, where he spent the night on at least one occasion. During the time that H.O. slept over at Valdez's apartment, H.O. testified that he was sexually assaulted in the appellant's bed and in his shower. Valdez admitted to having sexual intercourse with H.O. at least six times, but testified that all encounters between the two were consensual.

### Venue

 In his first point of error, Valdez contends there was legally insufficient evidence to prove the offense was committed in El Paso County, Texas. Failure to prove venue in the county of prosecution is reversible error.[1] It is presumed that venue is proved in the trial court, unless the record affirmatively shows otherwise or venue is made an issue at trial.[2] A motion for a directed verdict of acquittal specifically challenging the proof of venue, such as the motion Valdez raised in this case, timely raises and preserves the issue for appeal.[3] Because venue is not a "criminative fact" and thus not a constituent element of the offense, it need not be proved beyond a reasonable doubt, but rather, by a preponderance of the evidence.[4] Proof of venue may be established by direct or circumstantial evidence.[5] As the trier of fact on the issue of venue, a trial court may make reasonable inferences from the evidence.[6] In this case, no one directly testified that the offense took place in El Paso County, Texas. It may be reasonably inferred from circumstantial evidence in this case, however, that the offense occurred there. During H.O.'s testimony, he stated that defendant Valdez's apartment was located near Hanks High School in El Paso, Texas. Once the evidence established the location of the offense in El Paso, the trial court was free to take judicial notice that El Paso is a city within El Paso County.[7] Accordingly, we find that the trial court did not err in denying the motion for directed verdict and we overrule Valdez's first point of error.

### Lesser–Included Offense of Assault

In his second point of error, Valdez contends that the trial court erred by failing to instruct the jury on the lesser-included offense of assault.

Valdez was indicted for the sexual assault of H.O. as follows:

ALEX VALDEZ on or about the 26TH DAY OF JUNE, 1996 and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, did then and there unlawfully, intentionally and knowingly, by the use of physical force cause the penetration of the anus of H.O., by means of the penis of ALEX VALDEZ without the consent of H.O.

A person commits the offense of sexual assault (among other means) if the person intentionally or knowingly causes the penetration of the anus or female sexual organ of another person by any means, without that person's consent.[8] A person commits the offense of assault (among other means) if the person intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.[9]

1. *Lozano v. State*, 958 S.W.2d 925, 929 (Tex. App.—El Paso 1997, no pet.).

2. *Id.*

3. *Id.*

4. *Id.*

5. *Id.*

6. *Id.*

7. *Id.* at 929–30.

8. Tex. Penal Code Ann. § 22.011(a)(1)(A) (Vernon 1994 & Supp.1999).

9. Tex. Penal Code Ann. § 22.01(a)(1)(3) (Vernon 1994).

In *Rousseau v. State*,[10] the Texas Court of Criminal Appeals established a two-prong test to determine whether a defendant is entitled to a charge on a lesser-included offense:

> [F]irst, the lesser included offense must be included within the proof necessary to establish the offense charged, and, second, some evidence must exist in the record *that would permit a jury rationally to find* that if the defendant is guilty, he is guilty *only* of the lesser offense.[11]

Thus, our first inquiry is whether the offense of assault is a lesser-included offense of sexual assault. If yes, our second inquiry is whether there was evidence at trial which, if believed by the jury, would prove that, if guilty, Valdez was guilty only of assault.

■■■■ An offense is a lesser-included offense if: (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; or (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission.[12] Whether one offense bears such a relationship to another must be determined on a case-by-case basis because the statute defines lesser-included offense both in terms of the offense charged and in terms of the facts of the case.[13] Here, we conclude that assault was a lesser-included offense of sexual assault.[14] The State argues, however, that the second prong of *Rousseau* is not met, that is, there was no evidence permitting the jury to find if defendant was guilty, he was guilty only of assault. We agree.

■■■■ In determining whether *Rousseau's* second prong is met, we review all the evidence presented at trial that would support a verdict of guilt only on the lesser charge.[15] A mere scintilla of evidence will entitle the defendant a charge on the lesser offense.[16] Defendant is entitled to a charge on a lesser-included offense if there is evidence that affirmatively rebuts or negates an element of the greater offense, or if the evidence is subject to differing interpretations, one of which rebuts or negates the crucial element.[17] The evidence may come from any source, whether produced by the State or the defendant,[18] including a defendant's own contradicted testimony.[19]

■■■■ To be entitled to a jury charge on a lesser-included offense, it is not enough that the jury might disbelieve crucial evidence pertaining to the greater offense.[20] Neither the credibility of evidence nor whether it is controverted may be

---

10. 855 S.W.2d 666, 673 (Tex.Crim.App.), *cert. denied*, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993).

11. *Id.* (emphasis in original) (emphasis added).

12. Tex.Code Crim. Proc. Ann. art. 37.09(1), (2) & (3) (Vernon 1981).

13. *Day v. State*, 532 S.W.2d 302, 315–16 (Tex. Crim.App.1976) (opin. on reh'g).

14. *Bryant v. State*, 705 S.W.2d 745, 747 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd).

15. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim.App.1994); *Avila v. State*, 954 S.W.2d 830, 842 (Tex.App.—El Paso 1997, pet. ref'd).

16. *Avila*, 954 S.W.2d at 842.

17. *See Schweinle v. State*, 915 S.W.2d 17, 19 (Tex.Crim.App.1996).

18. *Bryant*, 705 S.W.2d at 747.

19. *Bui v. State*, 964 S.W.2d 335, 340–41 (Tex. App.—Texarkana 1998, pet. ref'd).

20. *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim.App.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 1526, 140 L.Ed.2d 677 (1998).

considered in determining whether an instruction on a lesser-included offense should be given.[21] Regardless of its strength or weakness, if any evidence raises the issue that the defendant was guilty only of the lesser offense, then the charge must be given.[22]

Here, we believe there are only two possible interpretations of the evidence presented at trial: (1) Henry Valdez completed a sexual assault on H.O.; or (2) all contact between the two men was consensual, and consensual sex occurred on the occasion in question.

 Initially, we note that Valdez was not entitled to a charge on assault based upon his own testimony. Valdez testified that H.O. came voluntarily to visit him on the bus, that they had sexual relations six times, that he never forced himself on H.O., that H.O. told Valdez he wanted to do the things they did together, that H.O. never told him to stop, and that there was never force or violence in their encounters. Consent is a defense to assaultive conduct.[23] As a defensive theory, consent vitiates sexual assault.[24] When a defendant denies guilt by invoking a recognized defense, the defendant is not entitled to a charge on a lesser-included offense.[25] Nevertheless, even where a defendant categorically denies the offense, he may be entitled to a lesser-included offense charge if other evidence exists, independent of the defendant's testimony, that satisfies the *Rousseau* factors. Having reviewed all the evidence on this offense, however, we find nothing that would support a theory that, if guilty of anything, Valdez was guilty only of offensive touching not amounting to a sexual assault. Valdez's second point of error is overruled.

### Lesser–Included Offense of Homosexual Conduct

In his third point of error, Valdez maintains that the trial court erred by failing to instruct the jury on the lesser-included offense of homosexual conduct. Valdez requested an instruction on homosexual conduct, thus preserving the issue. In deciding this issue, we apply the *Rousseau* factors as set out in the previous section of this opinion. A person commits the offense of homosexual conduct if he engages in deviate sexual intercourse with another individual of the same sex.[26] "Deviate sexual intercourse," as relevant to this case, is any contact between any part of the genitals of one person and the mouth or anus of another person.[27]

 The issue of whether homosexual conduct can be a lesser-included offense to sexual assault is largely undecided. We have found one court of appeals case which held, without discussion, that homosexual conduct is a lesser-included offense of aggravated sexual abuse.[28] The State contends that homosexual conduct cannot be a lesser-included offense of sexual assault because homosexual conduct requires proof of facts not required by the greater offense; that is, homosexual conduct obviously requires proof that both participants to the act are of the same sex, while sexual assault may occur without regard to the sex of victim and aggressor. Although this argument has a certain appeal, we

**21.** *Banda v. State*, 890 S.W.2d 42, 60 (Tex. Crim.App.1994), *cert. denied*, 515 U.S. 1105, 115 S.Ct. 2253, 132 L.Ed.2d 260 (1995); *Avila*, 954 S.W.2d at 842.

**22.** *Saunders v. State*, 840 S.W.2d 390, 391 (Tex.Crim.App.1992); *Avila*, 954 S.W.2d at 842.

**23.** Tex. Penal Code Ann. § 22.06 (Vernon 1994).

**24.** *McGahey v. State*, 744 S.W.2d 695, 697 (Tex.App.—Fort Worth 1988, pet. ref'd).

**25.** *Fraga v. State*, 940 S.W.2d 736, 738 (Tex. App.—San Antonio 1997, pet. ref'd).

**26.** Tex. Penal Code Ann. § 21.06(a) (Vernon 1994).

**27.** Tex. Penal Code Ann. § 21.01(1)(A) (Vernon 1994).

**28.** *Murphy v. State*, 653 S.W.2d 567, 572 (Tex. App.—San Antonio 1983, pet. ref'd).

question its application here. In concluding that homosexual conduct is a lesser-included offense of sexual assault, we are persuaded by two factors: (1) the existing authority of *Murphy v. State;* and (2) the admonition that whether one offense bears such a relationship to another must be determined on a case-by-case basis because the statute defines lesser-included offense both in terms of the offense charged and in terms of the facts of the case.[29] Here, there is no doubt that both H.O. and Henry Valdez are males.[30] Moreover, there is nothing in this record which would contradict the conclusion that they engaged in deviate sexual intercourse.[31] The only issue left to the jury was whether or not that intercourse was consensual. Under the facts of this case, we conclude that homosexual conduct was a lesser-included offense of sexual assault, and the trial court erred in refusing to charge the jury accordingly.

### Harm Analysis

■ Before we may reverse a case based upon error in the jury charge, however, we must determine that the error was harmful. We initially must decide the question of what standard for assessing harm we are to apply. We conclude that the "some harm" standard of *Almanza*[32] is the correct touchstone here.

■ Appellate courts have traditionally assayed charge error using the standard set out in *Almanza.*[33] Since the Texas Rules of Appellate Procedure were amended in September 1997, some questions have arisen as to whether we apply *Almanza* or Texas Rule of Appellate Procedure 44.2 in cases involving charge error.[34] With one much-discussed exception,[35] the courts seem to have arrived at a consensus that *Almanza* continues to apply in these situations. If the error was properly preserved at trial, we will continue to use the "some harm" test of *Almanza.*[36] Here, Valdez preserved error by timely requesting a charge on the lesser-included offense of homosexual conduct.[37]

■ The punishment for the second degree felony of sexual assault is 2 to 20 years imprisonment and a possible fine up to $10,000.[38] The jury assessed Valdez's punishment at 11 years and a $2,500 fine, in the middle of that range. The punish-

---

**29.** Tex.Code Crim. Proc. Ann. art. 37.09(1), (2) & (3) (Vernon 1981); *Day,* 532 S.W.2d at 315–16.

**30.** Clearly, Valdez is a male. The indictment alleges, and the evidence shows, penetration by means of his penis. H.O. has a male given name, was referred to in testimony as "he" and "him," was addressed by counsel as "sir," and was asked, "how old a man are you?"

**31.** In reaching our decision, we reserve judgment on the wisdom of criminalizing consensual acts between adults. We have employed the terms and definitions of the Penal Code.

**32.** *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985).

**33.** *Id.; Poole v. State,* 974 S.W.2d 892, 900 (Tex.App.—Austin 1998, no pet.).

**34.** *See State v. Toney,* 979 S.W.2d 642, 644–45 (Tex.Crim.App.1998); *McQueen v. State,* 984 S.W.2d 712, 718–19 (Tex.App.—Texarkana 1998, no pet. h.); *Huizar v. State,* 966 S.W.2d 702, 709 (Tex.App.—San Antonio 1998, pet. granted); *Poole,* 974 S.W.2d at 900; *Coleman v. State,* 979 S.W.2d 438, 442 (Tex.App.—Waco 1998, no pet. h.); *Cormier v. State,* 955 S.W.2d 161, 163 (Tex.App.—Austin 1997, no pet.).

**35.** *Huizar,* 966 S.W.2d at 709.

**36.** *See also Schweinle,* 921 S.W.2d at 369.

**37.** Interestingly, all cases we have found discussing the alternative harm analyses of *Almanza* and Rule 44.2 have involved error which was not preserved at trial, thus triggering *Almanza's* more stringent "egregious harm" review. This appears to be the first instance in which a Rule 44.2 analysis has been rejected in favor of "some harm" review. It would make no sense to apply *Almanza* where it mandates a stricter harm analysis but reject it where it allows a less burdensome one. We therefore apply it here.

**38.** Tex. Penal Code Ann. §§ 12.33, 22.011(a)(1)(A) (Vernon 1994 & Supp.1999).

ment for the Class C misdemeanor of homosexual conduct, on the other hand, is a fine not to exceed $500.[39] H.O., the complaining witness, testified that he voluntarily visited Valdez at his apartment many times, that he spent the night more than once, and that he would have continued to visit Valdez had he not been prohibited from doing so by the employees of his group home, who took his bus pass away. We think it very possible that a reasonable jury might have held a reasonable doubt that the contact between the two men was not consensual. We therefore conclude that Valdez was harmed because the jury had no option except to convict him of sexual assault or acquit him altogether. A correct jury charge would have allowed the jury an additional option of finding Valdez guilty of an offense with a penalty much less severe.[40] We sustain appellant's third point of error.

### Physical Force

 In his sixth point of error, Valdez contends that the trial court erred in denying his motion for a directed verdict because the evidence was legally insufficient to prove "physical force" as alleged in the indictment. A challenge to the trial court's ruling of a motion for a directed verdict is a challenge to the sufficiency of the evidence that supports the judgment.[41] In determining the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.[42] We

do not resolve conflicts of fact or assign credibility to witnesses, as it was the function of the trier of fact to accept or reject any part, or all of any witness's testimony.[43] Our duty, rather, is to determine only if the explicit and implicit findings of the trier of fact are rational by viewing all the evidence in the light most favorable to the verdict.[44] In doing so, we resolved any inconsistencies in the evidence in favor of the verdict.[45] The standard of review is the same for direct and circumstantial evidence cases.[46]

In this case, H.O. testified that Valdez forced him to stay in his bed with him. There was additional testimony that the appellant was on top of H.O. and was holding onto him. We find this evidence sufficient to support the verdict. Appellant's sixth point of error is overruled.

### CONCLUSION

Having determined that this case must be remanded, and having overruled all points of error that would result in a rendition of acquittal, we do not believe that addressing Valdez's remaining points of error will be of significant guidance to the trial court upon retrial. We therefore need not address them here. The conviction is reversed and the case is remanded for further proceedings.

**39.** Tex. Penal Code Ann. §§ 12.23, 21.06(b) (Vernon 1994).

**40.** *Bartholomew v. State*, 882 S.W.2d 53, 57 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd).

**41.** *Soliz v. State*, 961 S.W.2d 545, 549 (Tex. App.—San Antonio 1997, pet. ref'd).

**42.** *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State*,

820 S.W.2d 154, 161 (Tex.Crim.App.1991); *Hernandez v. State*, 946 S.W.2d 108, 110–11 (Tex.App.—El Paso 1997, no pet.).

**43.** *Lucero v. State*, 915 S.W.2d 612, 614 (Tex. App.—El Paso 1996, pet. ref'd).

**44.** *Id.*

**45.** *Id.*

**46.** *Geesa*, 820 S.W.2d at 158–62.