COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

RICARDO MARTINEZ,                                      )                    No. 
08-00-00473-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                      409th District Court

                                                                              )

THE STATE OF TEXAS,                                     )                 of El Paso County, Texas

                                                                              )

Appellee.                           )                     (TC# 20000D00846)

 

O
P I N I O N

 

Ricardo
Martinez was charged by indictment with unauthorized use of a motor
vehicle.  A jury found him guilty and the
court assessed punishment at confinement in a state jail facility for eighteen
months.  On appeal, Appellant contends
that the evidence was legally insufficient to prove venue and that the trial
court erred in failing to instruct the jury on the proper mental state of the
offense.  We affirm.

FACTUAL SUMMARY








Appellant
was charged by indictment for unauthorized use of a motor vehicle.[1]  The indictment alleged that Appellant Adid then and there intentionally and
knowingly operate a motor-propelled vehicle, to-wit:  a Ford Bronco automobile, without the
effective consent of Franco Ligorio, the owner thereof.@  At trial, Officer Omar Lujan testified that
the offense occurred in El Paso County. 
He did not testify whether the offense occurred in Texas or another
state.  After the State rested, Appellant
unsuccessfully moved for a directed verdict on the issue of effective
consent.  The charge of the court stated
in pertinent part:

Our law provides
that a person commits an offense if he intentionally or knowingly operates
another=s
motor-propelled vehicle without the effective consent of the owner.

 

.          .          .

 

You are instructed
that it is a defense to prosecution that a person through mistake, formed a reasonable
belief about a matter of fact if his mistaken belief negated the kind of
culpable state of mind required for commission of the offense.

 

.          .          .

 

So, if you find from
the evidence in this case that at the time Ricardo Martinez took the vehicle in
question, he acted under a mistake of fact, that the vehicle belonged to David
Ligorio, and that David Ligorio effectively consented for Ricardo Martinez to
operate said vehicle, or if you have a reasonable doubt thereof, you will find Ricardo
Martinez not guilty.

 

Now,  if you find from the evidence beyond a
reasonable doubt that on or about the 11th day of September 1999, in El Paso
County, Texas, the defendant, Ricardo Martinez, did then and there,
intentionally or knowingly operated another=s
motor-propelled vehicle, to-wit, A Ford Bronco, owned by Franco Ligorio,
without the effective consent of Franco Ligorio, then you will find the
defendant guilty of the felony offense as alleged in the indictment.  (VERDICT FORM G-UNAUTHORIZED USE OF A MOTOR
VEHICLE).

 








Appellant=s brief presents eight points of
error.  However, due to the procedural
background of this case, which is discussed below, we reach only the merits of
the first two.  In Point of Error No.
One, Appellant argues the evidence was insufficient as a matter of law to
support his conviction.  Specifically, he
contends that the State failed to establish that the alleged offense occurred
in the State of Texas.  In Point of Error
No. Two, he claims the trial court committed reversible error by failing to
instruct the jury on the requisite mental state for the offense of unauthorized
use of a motor vehicle.

LEGAL SUFFICIENCY

In
determining the legal sufficiency of the evidence used to support a criminal
conviction, we view the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560, 573 (1979); Geesa v. State,
820 S.W.2d 154, 156-57 (Tex.Crim.App. 1991), overruled on other grounds,
Paulson v. State, 28 S.W.3d 570 (Tex.Crim.App. 2000); Hernandez v.
State, 946 S.W.2d 108, 110-11 (Tex.App.--El Paso 1997, no pet.).  We do not resolve conflicts of fact or assign
credibility to witnesses, as it is the function of the trier of fact to accept
or reject any, part, or all of any witness=s
testimony.  See Adelman v. State,
828 S.W.2d 418, 421 (Tex.Crim.App. 1992); Lucero v. State, 915 S.W.2d
612, 614 (Tex.App.--El Paso 1996, pet. ref=d).  We determine only if the explicit and
implicit findings of the trier of fact are rational by viewing all of the
evidence in a light most favorable to the verdict.  See Lucero, 915 S.W.2d at 614.  Any inconsistencies in the evidence are
resolved in favor of the verdict.  Id.  If we sustain a legal sufficiency challenge,
we must render a judgment of acquittal.  Clewis
v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996).








Appellant
maintains that there was insufficient evidence to establish venue in El Paso
County, Texas.  Failure to prove venue in
the county of prosecution is reversible error. 
Valdez v. State, 993 S.W.2d 346, 349 (Tex.App.--El Paso 1999,
pet. ref=d).  We presume that venue is proved in the trial
court unless the record affirmatively shows otherwise or unless venue is made
an issue below.  Id.  An issue is raised in the trial court by a
motion for instructed verdict challenging proof of venue.  Id. 
Venue need not be proven beyond a reasonable doubt, but rather by a
preponderance of the evidence.  Id.  This is because venue is not a Acriminative fact,@ and thus not a constituent element of
the offense.  Id.  Proof of venue may be established by direct
or circumstantial evidence and, as the trier of fact on the issue of venue, the
trial court may draw reasonable inferences from the evidence.  Id. 
Here, Officer Lujan testified that the offense occurred in El Paso
County, but he did not state that the offense occurred in Texas.  However, Appellant failed to bring a motion
for instructed verdict challenging the proof of venue; his motion was based
solely on the issue of effective consent. 
Moreover, the record does not affirmatively demonstrate that the offense
occurred somewhere other than El Paso County, Texas.  Consequently, we may presume that venue was
proper and infer that El Paso County is located within the State of Texas.  We overrule Point of Error No. One.

REQUISITE MENTAL STATE

In
his second point of error, Appellant contends that the trial court erred in
failing to properly instruct the jury that they could not find him guilty
unless he knew that he was operating the vehicle without the effective
consent of the owner, Franco Ligorio. 
The culpable mental states of Aintentionally@ and Aknowingly@ have been held to apply to both the Aoperate a motor-propelled vehicle@ and the Awithout
the effective consent of the owner@
elements of the offense.  See McQueen
v. State, 781 S.W.2d 600, 603 (Tex.Crim.App. 1989); Bruno v. State,
845 S.W.2d 910, 911-12 (Tex.Crim.App. 1993). 
The charge instructed the jury to convict only if the State had proven,
beyond a reasonable doubt, that Appellant knowingly or intentionally operated
Ligorio=s
automobile and that he knowingly acted without Ligorio=s
effective consent.  Because the trial
court did not err in denying the requested instruction, Appellant=s second point is overruled.








THE ANDERS BRIEF








As
stated, the procedural history of this case requires some elaboration.  Appellant=s
original brief filed with this court included two points of error, including
those we have now overruled.  Following
the filing of that brief, counsel for Appellant moved to withdraw as attorney
on appeal.  We granted the motion.  Appellant then retained another attorney who
also withdrew as attorney of record. 
Thereafter, the trial court appointed yet another attorney to represent
Appellant.  Still another filed his entry
of appearance as co-counsel.  These
attorneys filed a supplemental brief, which assigned eight points of error.[2]  The supplemental brief is an attempt to
fulfill the requirements of Anders v. California, 386 U.S. 738, 18
L.Ed.2d 493, 87 S.Ct. 1396, reh. denied, 388 U.S. 924, 18 L.Ed.2d 1377,
87 S.Ct. 2094 (1967).  However, it does
not entirely meet the requirements of an Anders brief.  While it advances contentions which counsel
suggest might arguably support the appeal,[3]
it also presents two points of error that were previously urged in Appellant=s initial brief.  We have addressed those complaints as Points
of Error Nos. One and Two above.  We have
reviewed the record and agree that Points of Error Nos. Three through Eight are
wholly frivolous and without merit.  A
further discussion of these grounds would add nothing to the jurisprudence of
this state.  The trial court=s judgment is affirmed.

 

 

August 15, 2002

                                                             


ANN CRAWFORD
McCLURE, Justice

 

Before Panel No. 4

Barajas, C.J., Larsen, and
McClure, JJ.

 

(Do Not Publish)











[1]  The Texas
Penal Code provides that a person commits the offense of unauthorized use of a
vehicle Aif he intentionally or knowingly operates another=s boat, airplane, or motor-propelled vehicle without
the effective consent of the owner.@  Tex.Pen.Code
Ann. ' 31.07(a)(Vernon 1994).





[2]  Appellant=s initial brief included a claim that the indictment
and the court=s charge required that the State prove that he drove
the vehicle without the consent of the owner, Franco Ligorio, while the
reporter=s record stated that the alleged owner was Franco Longoria.  Appellant thus contended that the evidence
was legally insufficient to support his conviction because no one named AFranco Ligorio@
testified that he owned the Bronco and that it was operated without his
permission.  We abated this appeal and
directed the trial court to conduct a hearing to determine the accuracy of the
reporter=s record.  At
the hearing, the court reporter testified that she had incorrectly transcribed
the name ALigorio@ as ALongoria.@  The complaining witness, Franco Ligorio,
testified that the correct spelling of his name was L-I-G-O-R-I-O and that he
testified at trial that his name was AFranco
Ligorio.@  Following the
hearing, the trial court entered written findings that the reporter=s record contained inaccuracies and should contain the
name ALigorio@ instead
of ALongoria. @  It also ordered the court reporter to certify
and file with this court a revised version of the reporter=s record to reflect the correction.  Because the error in the reporter=s record was no longer an issue at the time the
supplemental brief was filed, the supplement does not re-urge the complaint. 





[3]  See High v.
State, 573 S.W.2d 807 (Tex.Crim.App.
1978); Currie v. State, 516 S.W.2d 684 (Tex.Crim.App. 1974); Jackson
v. State, 485 S.W.2d 553 (Tex.Crim.App. 1972); Gainous v. State, 436
S.W.2d 137 (Tex.Crim.App. 1969).