COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

EDUARDO AGUIRRE,
)
 No. 08-02-00104-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 409th District Court

)


THE STATE OF TEXAS,
)
 of El Paso County, Texas

)


 Appellee.
)
 (TC# 20010D04917)


MEMORANDUM OPINION



 Eduardo Aguirre appeals his conviction for robbery. The jury found him guilty and assessed
confinement at eight years in the Institutional Division of the Texas Department of Criminal Justice. 
His fine was set at $2,500. On appeal, he complains that the evidence was legally and factually
insufficient to support his conviction and that the prosecutor's comment on his failure to testify
constituted harmful error. We affirm.

FACTUAL SUMMARY


 Julio Mora was working for the K-Mart store at 411 North Zaragoza in El Paso on
September 11, 2001. As a loss prevention officer, his job was to take care of store assets, apprehend
shoplifters, and keep the store safe. Terry Jaramillo was working that day as a store manager and
she alerted Mora to some suspicious individuals who had entered the store. Mora watched them for
several minutes and saw Appellant conceal merchandise inside his shorts. Appellant exited the store
without paying and Mora waited until he was outside before approaching. Mora was not wearing
a uniform but identified himself as store security. Appellant continued to walk towards the parking
lot and gestured for Mora to keep his distance. Appellant acted as if he were going to pull a weapon
and he told Mora that he had a knife in his possession. Appellant reached into his waist area and
Mora saw what appeared to be a shiny, metallic object. Mora proceeded to back away from
Appellant because he was feared for his safety. Appellant was not able to find his car in the parking
lot and ran toward Zaragoza, then turned around and ran back towards the store. Mora continued
to watch him. Appellant finally located his green Ford Escort and attempted to drive away as Mora
took down his license plate number. 

 Jaramillo contacted the authorities. Police dispatch notified the officers responding to the
call that there were two suspects; one had left the store in a vehicle and the other was on foot. The
officers noticed a man walking southbound on Zaragoza as they approached the store. They pulled
up behind him, drew their weapons, and placed him under arrest. When told that he was being
detained for possible involvement in the robbery, this individual--Francisco Villegas--gave the
officers an address where Appellant could be found. When the officers arrived at the store, Mora
provided a description of Appellant and the license plate number of the car. He described Appellant
as wearing a long white T-shirt, blue jean shorts, and a dark cap. 

 In the meantime, other officers were dispatched to the address provided by Villegas. A
vehicle matching Mora's description was located at the residence. The officers observed a man
fitting Mora's description standing outside the house. They detained him and placed him in the
police vehicle. When asked, Appellant denied that the Escort was his car.

 Jesus Guerrero was the owner of the residence where Appellant was apprehended. His
daughter, Anna, had a child fathered by Appellant, but Appellant actually lived a few blocks away. 
Guerrero was sitting in his living room watching the news when heard a commotion outside. He
stepped out the front door and saw Appellant's car parked in the driveway with a police car next to
it. The officers gained Guerrero's consent to search the house. Anna allowed the officers into her
room and she removed an unopened package of curtains from her dresser drawer. Guerrero told the
officers that the green Ford Escort belonged to Appellant. The officers searched the car and found
a hat matching Mora's description and a pair of scissors. 

 About an hour or two later, police took Mora to Guerrero's home and Mora identified
Appellant as the suspect from K-Mart. In a voluntary statement, Appellant admitted that he stole
diapers and curtains from the store and explained that he had placed the curtains in the front of his
pants. When Mora approached him in the parking lot, he told him he had a filero, which is Spanish
for "knife." 

SUFFICIENCY OF THE EVIDENCE

 In his first two points of error, Appellant contends that the evidence is legally and factually
insufficient to support his conviction for robbery because (1) the State failed to prove the underlying
theft offense, and (2) the State failed to prove that the robbery occurred in El Paso County. 

Standard of Review


 In reviewing legal sufficiency, we consider all the evidence, both State and defense, in the
light most favorable to the verdict to determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 159
(Tex.Crim.App. 1991). This familiar standard gives full play to the responsibility of the trier of fact
fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences
from basic to ultimate facts. Jackson, 443 U.S. at 319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573. We do
not resolve any conflict of fact or assign credibility to the witnesses, as it was the function of the trier
of fact to do so. See Adelman v. State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); Matson v. State,
819 S.W.2d 839, 843 (Tex.Crim.App. 1991). Instead, our duty is only to determine if both the
explicit and implicit findings of the trier of fact are rational by viewing all of the evidence admitted
at trial in a light most favorable to the verdict. Adelman, 828 S.W.2d at 422. In so doing, any
inconsistencies in the evidence are resolved in favor of the verdict. Matson, 819 S.W.2d at 843. 
Further, the standard of review is the same for both direct and circumstantial evidence cases. Geesa,
820 S.W.2d at 158.

 When conducting a factual sufficiency review, we consider all of the evidence but we do not
view it in the light most favorable to the verdict. Clewis v. State, 922 S.W.2d 126, 129
(Tex.Crim.App. 1996); Levario v. State, 964 S.W.2d 290, 295 (Tex.App.--El Paso 1997, no pet.). 
We review the evidence weighed by the fact finder that tends to prove the existence of the elemental
fact in dispute and compare it with the evidence that tends to disprove that fact. Johnson v. State,
23 S.W.3d 1, 7 (Tex.Crim.App. 2000); Jones v. State, 944 S.W.2d 642, 647 (Tex.Crim.App. 1996),
cert. denied, 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997). A defendant challenging the
factual sufficiency of the evidence may allege that the evidence is so weak as to be clearly wrong and
manifestly unjust, or in a case where the defendant has offered contrary evidence, he may argue that
the finding of guilt is against the great weight and preponderance of the evidence. See Johnson, 23
S.W.3d at 11. Although we are authorized to set aside the fact finder's determination under either
of these two circumstances, our review must employ appropriate deference and should not intrude
upon the fact finder's role as the sole judge of the weight and credibility given to any evidence
presented at trial. See Johnson, 23 S.W.3d at 7. We are not free to reweigh the evidence and set
aside a verdict merely because we feel that a different result is more reasonable. Cain v. State, 958
S.W.2d 404, 407 (Tex.Crim.App. 1997); Clewis, 922 S.W.2d at 135.

Proof of the Underlying Offense


 Appellant does not challenge the sufficiency of the evidence supporting his identity as the
perpetrator, nor that he exhibited a weapon. He argues only that the State failed to prove beyond a
reasonable doubt that he unlawfully appropriated the curtains from the store with the intent to
deprive the owner of the property. The gravamen of his complaint is that Mora and Jaramillo were
merely store employees and not the owners of the property. 

 A person commits the offense of theft if he (1) intentionally or knowingly, (2) takes property,
(3) belonging to another, (4) with intent to deprive the owner of said property. Tex.Pen.Code Ann.
§ 31.03 (Vernon 2003). The Penal Code defines an "owner" as a person having "title to the property,
possession of the property, whether lawful or not, or a greater right to possession of the property than
the actor." Tex.Pen.Code Ann. § 1.07(35)(A)(Vernon 2003). "Possession" is defined as the
"actual care, custody, control, or management" over the property. Id. at Section 1.07(39). Thus, any
person who has a greater right than the defendant to the actual care, custody, control, or management
of the property can be alleged as the owner. Alexander v. State, 753 S.W.2d 390, 392
(Tex.Crim.App. 1988). The "greater right to possession" method of proving ownership can apply
to all offenses and factual settings. Id. at 392-93. In a robbery prosecution, a store employee has a
greater right to possession of goods than does a thief. Gray v. State, 797 S.W.2d 157, 161
(Tex.App.--Houston [14th Dist.] 1990, no pet.); Caldwell v. State, 672 S.W.2d 244, 246 (Tex.App.---Waco 1983, pet. ref'd). When a corporation owns the property, ownership may be alleged by its
agent. Simpson v. State, 648 S.W.2d 1, 2 (Tex.Crim.App. 1983). The employment relationship
determines whether an individual is an "owner" within the meaning of the Penal Code. Harris v.
State, 846 S.W.2d 960, 962 (Tex.App.--Houston [1st Dist.] 1993, pet. ref'd). Based upon the
testimony of Mora and Jaramillo, we conclude the evidence of theft is both legally and factually
sufficient.

Proof of Venue

 Appellant also challenges the sufficiency of the evidence to establish that the offense
occurred in El Paso County. We presume that venue was established in the trial court unless the
record affirmatively shows otherwise or unless venue is made an issue at trial. Valdez v. State, 993
S.W.2d 346, 349 (Tex.App.--El Paso 1999, pet. ref'd). Because venue is not a "criminative fact"
and thus not a constituent element of the offense, it need not be proved beyond a reasonable doubt,
but rather, by a preponderance of the evidence. Valdez, 993 S.W.2d at 349. Proof of venue may be
established by direct or circumstantial evidence. Id. at 349.

 Mora and Jaramillo both testified that they were working at the K-Mart store on Zaragoza
on the day of the offense. Officer Jaime Castaneda testified that the K-Mart where the robbery
occurred was located at 411 North Zaragoza in El Paso, Texas. Officer Armando Reyes explained
that he received the dispatch and responded to a call from the K-Mart at 411 North Zaragoza in
El Paso County. The testimony of Reyes alone constitutes legally and factually sufficient evidence
to prove that El Paso was the venue of the offense. Consequently, we overrule Points of Error One
and Two.


COMMENT ON FAILURE TO TESTIFY 

 In his third point of error, Appellant contends that the following comment during the 
prosecutor's final argument at the punishment phase offends both the United States and Texas
Constitutions: 

 You have no evidence whatsoever before you of any remorse, of any sorrow, of any--

At that point, defense counsel objected that the prosecutor was "treading on very thin ground with
my client not testifying." The trial court immediately sustained the objection and instructed the jury
to disregard the comment. Defense counsel then requested a mistrial, which was denied. The
prosecutor did not revisit the issue and the argument ended shortly thereafter. The record establishes
that Appellant did not testify at either phase of trial. 

 Both the state and federal constitutions prohibit the prosecution from commenting on a
defendant's failure to testify. See U.S. Const. amend. V; Tex. Const. art. I, § 10; Tex.Code
Crim.Proc.Ann. art. 38.08 (Vernon 1979). As the reviewing court, we consider the comment from
the standpoint of the jury. See Swallow v. State, 829 S.W.2d 223, 225 (Tex.Crim.App. 1992); Brown
v. State, 92 S.W.3d 655, 665 (Tex.App.--Dallas 2002, pet. ref'd). For the prosecutor's argument to
violate the defendant's right against self-incrimination and constitute reversible error, it must do
more than merely imply or indirectly allude to Appellant's failure to testify; the argument must be
or intended or be of such a character that the jury would necessarily and naturally take it as a
comment on the accused's failure to testify. An argument does not impermissibly comment on the
accused's failure to testify unless it calls the jury's attention to the absence of evidence that only the
defendant's testimony could supply. Fuentes v. State, 991 S.W.2d 267, 275 (Tex.Crim.App.), cert.
denied, 528 U.S. 1026, 120 S.Ct. 541, 145 L.Ed.2d 420 (1999). Where the record is silent as to a
defendant's attitude, a comment on lack of remorse would naturally and necessarily reflect upon his
failure to testify. Swallow, 829 S.W.2d at 225. Believing the comment was improper, we turn now
to a harm analysis.

 In determining whether erroneous comments harmed Appellant, we consider the totality
of the evidence and arguments presented in the case. Cooper v. State, 959 S.W.2d 682, 686
(Tex.App.--Austin 1997, pet. ref'd). "Ordinarily, any injury from improper jury argument is
obviated when the court instructs the jury to disregard, unless the remark is so inflammatory that its
prejudicial effect cannot reasonably be removed by such an admonishment." Bower v. State, 769
S.W.2d 887, 907 (Tex.Crim.App.), cert. denied, 492 U.S. 927, 109 S.Ct. 3266, 106 L.Ed.2d 611
(1989); see also Dinkins v. State, 894 S.W.2d 330, 356 (Tex.Crim.App.), cert. denied, 516 U.S. 832,
116 S.Ct. 106, 133 L.Ed.2d 59 (1995); Jackson v. State, 745 S.W.2d 4, 15 (Tex.Crim.App.), cert.
denied, 487 U.S. 1241, 108 S.Ct. 2916, 101 L.Ed.2d 947 (1988). Only in the most blatant examples
will an instruction to disregard fail to cure any error. Dinkins, 894 S.W.2d at 356. 

 Here, the objectionable comment was an incomplete sentence. The trial court quickly
instructed the jury to disregard it and the prosecutor abandoned the subject. In light of the evidence
and argument as a whole, we conclude the instruction cured any harm. Accordingly, we overrule
the third point of error and affirm the judgment of the trial court.



August 7, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)