COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





RICK JOHN BRUNNER,

                                    Appellant,

v.

THE STATE OF TEXAS,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-09-00289-CR

Appeal from
 112th District Court

of Pecos County, Texas

(TC # 2874)



 

 

 




O P I N I O N

            Rick John Brunner appeals his conviction of theft of property over $1,500 but less than
$20,000 enhanced with two prior felony convictions. The trial court assessed punishment at twenty
years’ imprisonment.


 For the reasons that follow, we affirm.
FACTUAL BACKGROUND
            On the night of October 7, 2008, Lorne Smith, a surveyor from Oklahoma, spent the night
at the Best Western Hotel in Fort Stockton, Texas.


 Smith was in Texas to do some work for an oil
firm in Fort Stockton. To assist with his job, Smith brought an all-terrain vehicle (ATV) mounted
on a utility trailer. Smith saw the ATV, sitting on the trailer, securely attached to his truck, in the
parking lot of the Best Western at approximately 10 p.m. 
            The next morning, between 6:30 and 7 a.m., Smith awoke and discovered the utility trailer
and ATV missing. He promptly reported the theft to the local police. Officer Chris Orona
responded to the call and took Smith’s statement. Smith also provided the officer with two
documents which were admitted into evidence. The first was a receipt for the purchase of the ATV. 
It described the ATV as a “new ranger,” listed a serial number for the vehicle, and listed a price of
$11,550. The second document was a certificate of ownership for the utility trailor which included
a vehicle identification number. Smith identified both documents at trial. 
            That same day, at approximately 12:30 p.m., two men (later identified as Appellant and
Kucha) pulled into the Wildcat Express convenience store and gas station in Weimar, Texas.


 
Shirley Ulrich, an employee at the gas station, testified that the two men arrived in a truck, pulling
a utility trailer with an ATV. One of the men got out of the car and asked her to turn on the pump,
which she did. She noticed the truck did not have a front license plate so she kept on eye on the men
as they pumped the gas. Sure enough, a few minutes later the two men drove off without paying for
the gas. 
            Nick Fumakeya, the owner of the gas station, was also present at the store. As soon as the
men drove off, he jumped into his truck and followed them. His employees called the local police
and reported the incident. At some point during his pursuit, the police caught up. Fumakeya backed
off the chase and Sheriff Wied took over, eventually pulling the two men over a few miles down the
road. 
            Sheriff Wied, along with the back up officers who arrived on the scene, identified the driver
as Appellant and the passenger as Kucha. He ran both driver’s licenses and discovered outstanding
warrants for their arrest based on parole violations. Sheriff Wied then ran the truck’s license plate
and found it had been reported stolen out of El Paso County. He arrested the two men and turned
them over to the Weimar Police Department, who later discovered the utility trailer and ATV had
also been stolen. Sheriff Wied testified that neither suspect claimed ownership nor showed any proof
of ownership with regard to the vehicles. 
            At trial, the State introduced several photographs of the utility trailer and ATV recovered 
from Appellant and Kucha. Smith, Ulrich, Fumakeya, and Sheriff Wied all identified the trailer and
ATV in the photos as those they had seen on October 7 and 8, 2008. 
            During closing arguments, defense counsel moved for an instructed verdict, claiming the
State failed to prove venue as alleged in the indictment because no evidence was presented
establishing that his client obtained possession of, exercised control over, or attempted to deprive
the owner of his property in Pecos County, including no evidence his client was ever seen in Pecos
County. While the court did not directly rule on the motion, the trial judge implicitly overruled it
when he found Appellant guilty of theft, “as alleged in the indictment occurring October 8, 2008,
in Pecos County, Texas.” 
            During the punishment phase, Appellant entered a plea of not true to the enhancement
paragraphs. To support of the enhancement paragraphs, the State introduced two penitentiary (pen)
packets. Pat Harris, a fingerprint identification expert, testified that he took Appellant’s fingerprints
on the date of trial and that the fingerprints he took matched those included in the pen packets. 
 

VENUE
            In Issue One, Appellant queries “whether the honorable court erred in denying Appellant’s
motion for an instructed verdict of acquittal because there was no evidence, or in the contrary,
insufficient evidence to support a conviction.” Although by his initial statement of the issue it
appears he is challenging the legal sufficiency of the evidence in general, we interpret his issue to
challenge only the legal sufficiency of the evidence to prove venue.



Standard of Review
            We presume that venue is proved at the trial court unless the record affirmatively shows the
contrary or venue is specifically made an issue at trial. Tex.R.App.P. 44.2(c )(1); see Clark v. State,
558 S.W.2d 887, 891 (Tex.Crim.App. 1977); Lozano v. State, 958 S.W.2d 925, 929 (Tex.App.--El Paso 1997, no pet.). A motion for an instructed verdict of acquittal directly challenging proof of
venue, such as the motion made by Brunner in this case, timely raises and preserves the issue for
appeal. Black v. State, 645 S.W.2d 789, 791 (Tex.Crim.App. 1983); Lozano, 958 S.W.2d at 929. 
Therefore, we cannot adhere to the presumption the State met its burden of proof. See Black, 645
S.W.2d at 793. 
            Failure to prove venue in the county of prosecution is reversible error. Black, 645 S.W.2d
at 791; Lozano, 958 S.W.2d at 929. Because venue is not a “criminative fact,” thus not a constituent
element of the offense, it must only be proven by a preponderance of the evidence, rather than
proved beyond a reasonable doubt. Tex.Code Crim.Proc.Ann. art. 13.17 (West 2005); Black, 645
S.W.2d at 790; Fairfield v. State, 610 S.W.2d 771, 779 (Tex.Crim.App. [Panel Op.] 1981)(noting
that a failure to prove venue does not negate the guilt of the accused). Proof of venue may be
established by direct or circumstantial evidence. Black, 645 S.W.2d at 790; Lozano, 958 S.W.2d at
929. The trier of fact may make reasonable inferences from the evidence. Valdez v. State, 993
S.W.2d 346, 349 (Tex.App.--El Paso 1999, pet. ref’d); Lozano, 958 S.W.2d at 929; Ybarra v. State,
No. 08-00-00531-CR, 2003 WL 550285, at *6 (Tex.App.--El Paso Feb. 27, 2003, no pet.)(not
designated for publication). The evidence is sufficient if the jury may reasonably conclude that the
offense was committed in the county alleged. Black, 645 S.W.2d at 793; Rippee v. State, 384
S.W.2d 717, 718 (Tex.Crim.App. 1964).
             On appeal, we view all the evidence in the light most favorable to the verdict and then
determine whether a rational trier of fact could have found venue was proper by a preponderance of
the evidence. Gabriel v. State, 290 S.W.3d 426, 435 (Tex.App.--Houston [14th Dist.] 2009, no pet.),
citing Hooper v. State, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). If there is evidence establishing
venue by a preponderance, we are not authorized to reverse the judgment on sufficiency of the
evidence grounds. Gabriel, 290 S.W.3d at 436. 
Applicable Venue Statute
            The trial court must examine the facts of the case and apply the statutory requirements to
those facts to determine whether the general venue statute or the theft-specific venue statute is
appropriate. Stewart v. State 44 S.W.3d 582 (Tex.Crim.App. 2001). Appellant argues that the
applicable venue statute is the general venue statute found in Article 13.18 of the Texas Code of
Criminal Procedure and not the theft-specific venue statute found in Article 13.08. Under the
general venue statute, “[i]f venue is not specifically stated, the proper county for the prosecution of
offenses is that in which the offense was committed.” Tex.Code Crim.Proc.Ann. art. 13.18. The
theft-specific venue statute provides:
(a) Where property is stolen in one county and removed by the offender to another
county, the offender may be prosecuted either in the county where he took the
property or in any other county through or into which he may have removed the
same. 
 
(b) An offense under Section 31.16, Penal Code, may be prosecuted in any county in
which an underlying theft could have been prosecuted as a separate offense.

Tex.Code Crim.Proc.Ann. art. 13.08 (West Supp. 2010).

            Appellant first contends that Article 13.08(b) is not applicable because the theft of the ATV
and trailer do not meet the definition of “retail theft” as defined by Article 31.16 of the Texas Penal
Code. We need not address the issue of whether the stolen items qualify as an offense under
subsection (b) because the applicable theft- specific provision would be Section (a). See Smith v. 
State, No. 05-09-00168-CR, 2009 WL 3449737 (Tex.App.--Dallas Oct. 28, 2009, no pet.)(not
designated for publication).
            Appellant also relies on Jones v. State, 979 S.W.2d 652 (Tex.Crim.App. 1998). There, the
crime charged was theft by receiving. Jones v. State, 979 S.W.2d at 653. Camcorders had been
stolen from Brazos County and transported to Burleson County. Jones took possession of the stolen
camcorders in Burleson County and then took them to Travis County where he pawned them. The
Court of Criminal Appeals held that the theft-specific venue statute was applicable but that the State
had failed to prove venue was proper in Brazos County as to Jones because he did not receive the
goods in Brazos County and there was no evidence he transported the goods through that county. 
The court went on to note that even if the general venue statute applied, venue would not be proper
in Brazos County because Jones was charged with theft by receiving, meaning that venue would have
attached only in Burleson County where Jones received the stolen goods. Appellant interprets the
opinion to hold that since the State did not prove Jones received the property in Brazos County, the
theft-specific venue statute never attached in Brazos County. Appellant then argues that since he
was found in possession of the stolen goods in Colorado County and no one saw him in Pecos
County, the State could only file charges in Colorado County were Appellant was found in
possession. 
            Appellant’s reliance on Jones is misplaced. The theft-specific venue statute is designed for
exactly this type of case. Further, the State met its burden of proof. Smith testified that at
approximately 10 p.m. on October 7, the ATV and trailer were attached to his truck in Fort Stockton. 
He didn’t give anyone permission to take the vehicles, yet by 7 a.m. the next morning the vehicles
were gone. Officer Orona took the police report. Testimony from Ulrich, Fumakeya, and Sheriff
Wied established that on the same day around noon, Appellant arrived at a gas station in Weimar in
possession of the stolen ATV and trailer. Both Ulrich and Sheriff Wied testified that one can travel
Interstate10 from Fort Stockton to Weimar in approximately six and a half hours. This testimony
would allow a rational trier of fact to conclude venue was proven by a preponderance of the
evidence. Because the evidence is legally sufficient to prove that venue was proper in Pecos County,
we overrule Issues One and Two. 
PRIOR CONVICTIONS
            Appellant next contends that State’s Exhibits 16 and 17, the pen packets used to prove the
enhancement paragraphs, are insufficient as a matter of law to enhance the primary conviction. He
argues that the exhibits were not properly authenticated in accordance with Texas Rules of Evidence
901 and 902 and therefore should not have been admitted. Initially we note that Appellant’s
argument is contained in a single paragraph with only one legal citation and no record references. 
An appellant’s brief “must contain a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record.” Tex.R.App.P. 38.1(i). Failure to cite authority
or provide substantive analysis waives an issue on appeal. See Federal Sign v. Texas Southern
University, 951 S.W.2d 401, 410 (Tex. 1997); Leyva v. Leyva, 960 S.W.2d 732, 734 (Tex.App.--El
Paso 1997, no writ). While Appellant correctly cites to Beck v. State, 719 S.W.2d 205
(Tex.Crim.App. 1986) for the proposition that the State must not only prove the prior convictions,
but prove by independent evidence that the defendant was the individual previously convicted, he
cites no additional authority to support his argument that the pen packets here were not admissible. 
Therefore, Appellant has not adequately briefed this issue for our review. Tex.R.App.P. 38.1(i). 
Moreover, his argument lacks merit.
Standard of Review
            The State bears the burden to prove prior convictions beyond a reasonable doubt. Beck, 719
S.W.2d at 209-10. In order to meet its burden, the State must not only prove beyond a reasonable
doubt that a prior conviction exists, but that the defendant is linked to that conviction. See Flowers
v. State, 220 S.W.3d 919, 921 (Tex.Crim.App. 2007); Beck, 719 S.W.2d at 210. Under Beck, the
State may prove a defendant’s prior convictions by offering certified copies of the judgment and
sentence, along with independent evidence showing the defendant is the same person named in the
previous convictions. See Beck, 719 S.W.2d at 209-10. The requirement of independent evidence
to establish a link between the prior convictions and the defendant can be met in several ways, one
of which is introduction of certified copies of judgment, sentence, and record of the Texas
Department of Corrections or county jail, including fingerprints of the accused, supported by expert
testimony identifying them with known prints of the defendant. Id. 

Analysis
            Appellant was indicted for the offense of theft of property with a value of at least $1,500 but
less than $20,000, a state jail felony. Tex.Pen.Code Ann. § 31.03(e)(4)A)(West Pamphlet 2010).
The indictment contained enhancement paragraphs alleging two prior sequential felony convictions,
thereby enhancing the offense to a second degree felony. Tex.Pen.Code Ann. § 12.42(a)(2)
(Vernon Supp. 2010). Section 12.42(a)(2) allows a defendant charged with a state jail felony to be
punished for a second degree felony if it is shown that, “the defendant has previously been finally
convicted of two felonies, and the second previous felony conviction is for an offense that occurred
subsequent to the first previous conviction having become final.” Tex.Pen.Code Ann. §
12.42(a)(2). In two enhancement paragraphs the indictment charged that:
[O]n the 1st of September, 1982, in cause number 355695, in the 179th District Court
of Harris County, Texas, the defendant was convicted of the felony offense of
Burglary of a Building;
 
And it is further presented in an to said Court that, prior to the commission of the
primary offense, and after the conviction in cause number 355695, was final, the 
defendant committed the felony offense of Burglary of a Habitation; and was
convicted on the 8th of November, 1985, in cause number 432107 in the 248th
District Court of Harris County, Texas; 

During trial, the State introduced two pen packets which were admitted as State’s Exhibits 16 and
17. Each contains an affidavit certifying the attached information relates to Rick John Brunner, and
includes true and correct copies of the original records. Both affidavits are signed by the custodian
of records at TDCJ, bear a State of Texas seal, and certify that the enclosed documents are self-authenticating in accordance with Texas Rules of Evidence 901 and 902. In addition to the affidavit,
each pen packet contains a copy of the judgment and sentence, photographs of Appellant, and a
fingerprint card. At trial, the State brought a fingerprint expert who testified the fingerprints of
Appellants taken on the day of trial matched those contained in the pen packets. 
            On appeal, it appears Appellant’s argument is that the fingerprints in the pen packets, while
attached to a certification from the custodian of records at the TDCJ, are not also attached to an
independent certification by the district clerk of the original convicting court and therefore there is
nothing to show that the prints made by the TDJC are “one and the same as the Appellant’s.” This
exact issue was addressed by the Texas Court of Criminal Appeals in Reed v. State, 811 S.W.2d 582
(Tex.Crim.App. 1991). There, the court overruled prior case law requiring the clerk of the
convicting court to certify pen packets, and held that the Texas Department of Criminal Justice,
Institutional Division record clerk’s certification of the pen packet constitutes proper authentication
in accordance with Rule 902(4) of the (then) Texas Rules of Criminal Evidence. Reed, 811 S.W.2d
at 586. In light of Reed, we overrule Issue Two and affirm the judgment of the trial court. 

August 24, 2011                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)