

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00037-CR

RUFUS LEE HOLLIS                                    APPELLANT

V.

THE STATE OF TEXAS                                        STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Rufus Lee Hollis appeals his conviction for assault. *See* Tex. Penal Code Ann. § 22.01(a)(1) (West 2011). In a sole point, Hollis argues that venue in Tarrant County was not proved by a preponderance of the evidence. We overrule Hollis's point and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

---

[1]*See* Tex. R. App. P. 47.4.

Hollis and his wife were divorcing. While trying to divide some of their property, Hollis and his daughter got into a fist fight over a PlayStation video game console. Hollis contended that his daughter physically attacked him and he was merely defending himself. Hollis's wife called police, and Hollis was arrested. A jury convicted Hollis of assault, and the trial court sentenced him to 90 days' confinement, probated for one year. Hollis appeals, arguing that the evidence is insufficient to show by a preponderance that venue in Tarrant County was proper.

Venue is established in the county where the offense occurred. *See* Tex. Code Crim. Proc. Ann. art. 13.18 (West 2005). Venue is not considered an element of the crime; therefore, venue need only be proved by a preponderance of the evidence. *See id.* art. 13.17; *Valdez v. State*, 993 S.W.2d 346, 349 (Tex. App.—El Paso 1999, pet. ref'd). Proof of venue may be by direct or circumstantial evidence, and the factfinder may make reasonable inferences from the evidence. *See Couchman v. State*, 3 S.W.3d 155, 161 (Tex. App.—Fort Worth 1999, pet. ref'd); *Valdez*, 993 S.W.2d at 349. In the context of a sufficiency challenge, the preponderance of the evidence equates to more than a scintilla. *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). Evidence that is "'so weak as to do no more than create a mere surmise or suspicion of its existence'" or that causes the factfinder to "'guess whether a vital fact exists'" is less than a scintilla and does not equate to a preponderance. *Id.*

(quoting with approval *Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010) and *City of Keller v. Wilson*, 168 S.W.3d 802, 813 (Tex. 2005)).

Here, the assault was committed at Hollis's home at 2213 Meadow Lake Drive in Grand Prairie, Texas. Grand Prairie consists of four counties, including Dallas County and Tarrant County. When police officers were dispatched to the home, they were told it was in Tarrant County. Indeed, one police officer noted on his report that the offense occurred in Tarrant County. The information alleged that the offense occurred in Tarrant County. At trial, a forensic video analyst testified that, through a computer mapping program, he determined that the house was located in Dallas County, but only approximately ninety yards from the boundary line between Dallas County and Tarrant County. Further, the State introduced a map of the area where Hollis's house is located, which indicated the county line in relation to the house. Hollis's daughter testified that there were three houses between Hollis's house and the county line on the map. Hollis admitted that his house is less than four football fields away from the county line.

Hollis argues that the preponderance of the evidence fails to show that the site of the offense was within 400 yards of the county line. "An offense committed on the boundaries of two or more counties, or within four hundred yards thereof, may be prosecuted and punished in any one of such counties." Tex. Code Crim. Proc. Ann. art. 13.04 (West 2005); *see also Rushing v. State*, 546 S.W.2d 610, 611 (Tex. Crim. App. 1977). Hollis attacks the legal import of

3

the evidence showing the proximity of his house to the boundary between Tarrant County and Dallas County: "[T]he quantum of evidence should be more than 'believe,' 'appears' or to be provided by some ephemeral computer that is neither verified or corroborated." However, the cumulative evidence discussed above is sufficient to show by a preponderance that the offense occurred within 400 yards of the boundary between Dallas County and Tarrant County. The jury weighed the evidence and reasonably concluded that the assault was committed within 400 yards of the boundary between Dallas County and Tarrant County. *See, e.g.*, *Holdridge v. State*, 707 S.W.2d 18, 22 (Tex. Crim. App. 1986); *Shilling v. State*, 977 S.W.2d 789, 790 (Tex. App.—Fort Worth 1998, pet. ref'd); *Woodruff v. State*, Nos. 02-11-00337-CR, 02-11-00338-CR, 02-11-00339-CR, 02-11-00340-CR, 02-11-00341-CR, 02-11-00342-CR, 02-11-00343-CR, 2012 WL 3041114, at *10 (Tex. App.—Fort Worth July 26, 2012, pet. ref'd) (mem. op., not designated for publication); *Riley v. State*, Nos. 03-10-00229-CR, 03-10-00263-CR, 03-10-00264-CR, 2011 WL 5335387, at *3 (Tex. App.—Austin Nov. 4, 2011, pet. ref'd) (mem. op., not designated for publication); *Hernandez v. State*, No. 11-02-00292-CR, 2004 WL 67634, at *2 (Tex. App.—Eastland Jan. 15, 2004, no pet.) (not designated for publication). We therefore overrule Appellant's sole point and affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 9, 2013