**Sammy Ortiz LOZANO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–97–00022–CR.**

Court of Appeals of Texas,
El Paso.

Dec. 18, 1997.

---

John H. Hagler, Dallas, for Appellant.

Randall W. Reynolds, District Attorney, for State.

Before BARAJAS, C.J., and LARSEN, and CHEW, JJ.

## OPINION

LARSEN, Justice.

This is an appeal from a conviction for the offense of indecency with a child. The jury found the appellant, Sammy Lozano, guilty and sentenced him to twenty years confinement in the Texas Department of Criminal Justice—Institutional Division and a $10,000 fine. We affirm.

## SUFFICIENCY OF THE EVIDENCE

■ In his first point of error, Lozano challenges the factual sufficiency of the evidence to support his conviction. A person commits the offense of indecency with a child if he or she engages in sexual contact with a child who is younger than 17 years and not his or her spouse.[1] "Sexual Contact" is defined as "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person."[2] Thus, in this case, the State had to present evidence sufficient to show that Lozano touched the anus, breast, or any part of the genitals of a child younger than 17 years with the intent to arouse or gratify sexual desire.

In reviewing factual sufficiency, this court considers all of the evidence, but does not view it in the light most favorable to the verdict.[3] We will set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.[4] The Court of Criminal Appeals noted in *Clewis* that Texas courts have articulated the standard for factual sufficiency review in various ways.[5] The standard stated in *Clewis*, and that generally followed by this court, are, as applied, identical.[6] Accordingly, for purposes of a factual sufficiency review of a criminal conviction, we have adopted the factual sufficiency analysis which has historically been applied to civil cases as found in *In re King's Estate*.[7]

There is a natural difficulty with applying the traditional factual sufficiency review to criminal proceedings arising from the requisite burden of proof required for conviction. An analysis of the factual sufficiency review drawn from the civil arena implicates a burden of preponderance of the evidence.[8] Indeed, what has become boiler plate language in civil opinions are such phrases as "against the great weight and preponderance of the evidence" and "no more than a scintilla." These civil concepts have emerged in post-*Clewis* opinions addressing factual sufficiency review.[9] To eliminate any confusion, we find it important to distinguish here between the burden of proof in the trial court and the appropriate appellate standard of review. We have recently addressed this distinction in *In the Interest of B.R.*[10] in the context of a termination proceeding in which the requisite burden of proof is clear and convincing evi-

---

**1.** Tex Penal Code Ann. § 21.11(a)(1) (Vernon 1994).

**2.** Tex. Penal Code Ann. § 21.01(2) (Vernon 1994).

**3.** *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim. App.1996); *Taylor v. State,* 921 S.W.2d 740, 745 (Tex.App.—El Paso 1996, no pet.).

**4.** *Id.*

**5.** *Clewis,* 922 S.W.2d at 134 n. 16.

**6.** *See id.*

**7.** 150 Tex. 662, 244 S.W.2d 660 (1951).

**8.** *Chesnut v. State,* 959 S.W.2d 308, 309 (Tex. App.—El Paso no pet. h.).

**9.** *Chesnut,* 959 S.W.2d at 309.

**10.** 950 S.W.2d 113 (Tex.App.—El Paso 1997, no writ).

dence. In concluding that a heightened standard of review was required, we noted:

> Because this case involves an elevated standard of proof in the trial court, we must initially address whether we apply a heightened standard of review in this Court. Stated simply, the question is whether evidence sufficient to support a fact-finding by a preponderance of the evidence is equally sufficient to support a fact-finding by clear and convincing evidence. Because we believe the traditional factual sufficiency review is inapplicable to an enhanced burden of proof, we answer this question in the negative and conclude that a stricter scrutiny is required.

. . .

Like the Dallas Court of Appeals in *Neiswander* [11], we find it incongruous to require the trial court to apply an enhanced burden of proof when deciding the issues while requiring the appellate court to apply the standard of review accorded to issues decided by a preponderance of the evidence. Accordingly, where the burden of proof at trial is by clear and convincing evidence, we will apply the higher standard of factual sufficiency review first articulated in *Neiswander*. After considering all of the evidence, we must determine, not whether the trier of fact could reasonably conclude that the existence of a fact is more probable than not, as in ordinary civil cases, but whether the trier of fact could reasonably conclude that the existence of the fact is highly probable. Under this standard, we must consider whether the evidence was sufficient to produce in the mind of the fact finder a firm belief or conviction as to the truth of the allegations sought to be established.... We will sustain an insufficient evidence point of error only 'if the fact finder could not have reasonably found the fact was established by clear and convincing evidence.' [12]

The Fort Worth Court of Appeals noted in its decision originally adopting the higher standard of review, the phrase "highly probable" is merely a synonym for "clear and convincing." [13] Without question, the burden of proof shouldered by the State in a criminal proceeding is more stringent still. The elements of the offense must be established beyond a reasonable doubt. Applying a heightened standard of review to this enhanced burden of proof, we conclude that we must balance all of the evidence, both the evidence which tends to prove the existence of a vital fact as well as evidence which tends to disprove its existence, to determine whether any rational trier of fact could find the essential elements as alleged in the charge to the jury beyond a reasonable doubt.

### FACTUAL SUMMARY

On April 14, 1996, the twelve-year-old complainant was at Isabella Segovia's home in Pecos, Texas with his mother and brother. The complainant's mother introduced her sons to Lozano, who was also visiting Segovia, before she took them to a quincenera dance a few blocks from Segovia's house. Although the complainant's mother told him that she would pick him up at 1 a.m. when the dance ended, he found the dance "boring," and he started to walk back to Segovia's house where his mother was waiting. As the complainant walked, Lozano drove by and asked if he wanted a ride. The complainant agreed to go for a short drive with Lozano, but he became uncomfortable when Lozano began questioning him about sex. Lozano asked the boy, "if somebody was to want to suck your dick, would [you] let them?" The complainant said no, but Lozano turned down a dirt road, stopped the car, and pulled the boy's pants and underwear down. Lozano started kissing and licking the complainant's "dick," then started "going on it up and down." Lozano asked the complainant, "Do you like it? ... could you feel it?" The boy testified that Lozano told him, "if I was to tell anybody that he'll fuck me up." After

---

11. *Neiswander v. Bailey*, 645 S.W.2d 835, 836 (Tex.App.—Dallas 1982, no writ).

12. *In the Interest of B.R.*, 950 S.W.2d at 117–19 & n. 5 (citations omitted).

13. *In the Interest of L.R.M. and J.J.M.*, 763 S.W.2d 64, 66 (Tex.App.—Fort Worth 1989, no writ).

the offense, Lozano dropped the complainant off about a block from Segovia's home.

Lozano emphasizes testimony from Connie Esparza and Eliberto Lozano, Lozano's father, who both live on the dirt road where the offense allegedly took place, and who both testified that they did not see or hear any vehicles on the road at the time the offense was allegedly committed. The elder Lozano admitted, however, that he was probably asleep at the time the offense was allegedly committed. Lozano also contends that the complainant's testimony was proven noncredible because the boy had disobeyed his mother by leaving the dance before she came to pick him up. It is not within the province of this court, however, to interfere with the jury's resolution of conflicts in the evidence or to pass on the weight or credibility of the witness's testimony.[14] Where the evidence is conflicting, the jury's verdict on such matters is generally regarded as conclusive.[15] We find the evidence factually sufficient to support the finding that Lozano committed the offense of indecency with a child by touching the genitals of the twelve-year-old complainant with the intent to gratify his own sexual desire. The evidence Lozano emphasizes is not of such great weight as to call into question whether any rational trier of fact could find the essential elements as alleged in the charge to the jury beyond a reasonable doubt. Accordingly, we overrule Lozano's first point of error.

### VENUE

In his second point of error, Lozano contends that the trial court erred in failing to grant his motion for directed verdict on the ground that the State failed to prove that the offense was committed in Reeves County, and therefore failed to prove venue existed in Reeves County. Failure to prove venue in the county of prosecution is reversible error.[16] It is presumed that venue is proved in the trial court, unless the record affirmatively shows otherwise or venue is made an issue at trial.[17] A motion for an instructed verdict of acquittal specifically challenging the proof of venue, such as the motion Lozano raised in this case, timely raises and preserves the issue for appeal.[18]

Because venue is not a "criminative fact" and thus not a constituent element of the offense, it need not be proved beyond a reasonable doubt, but rather, by a preponderance of the evidence.[19] Proof of venue may be established by direct or circumstantial evidence.[20] As the trier of fact on the issue of venue, a trial court may make reasonable inferences from the evidence.[21] In this case, no one directly testified that the offense took place in Reeves County, Texas. It may be reasonably inferred from circumstantial evidence in this case, however, that the offense occurred in Reeves County, Texas. Segovia testified that she lived in Pecos, Texas. The dance the complainant attended was only two or three blocks from the Segovia home. The complainant testified that he was walking from the dance back to Segovia's house when he encountered Lozano. Lozano took the complainant for a ride past a liquor store and through a few traffic lights before turning down the dirt road where the offense allegedly occurred. A reasonable trier of fact could infer from this evidence that the ride and the offense took place very near the Segovia home, and therefore still within Pecos, Texas. The State therefore established by a preponderance of the evidence that Lozano committed the offense in Pecos, Texas. Once the evidence established the location of the offense in Pecos, the trial court was free to take judicial notice that

14. *Taylor*, 921 S.W.2d at 746.

15. *Id.*

16. *Black v. State*, 645 S.W.2d 789, 791 (Tex. Crim.App.1983).

17. Tex.R.App. P. 44.2(c)(1); *Clark v. State*, 558 S.W.2d 887, 891 (Tex.Crim.App.1977).

18. *Black*, 645 S.W.2d at 791.

19. Tex.Code Crim. Proc. Ann. art. 13.17 (Vernon 1977); *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex.Crim.App.1981); *Black*, 645 S.W.2d at 790; *Adams v. State*, 936 S.W.2d 313, 314 (Tex.App.—Tyler 1996, pet. ref'd).

20. *Black*, 645 S.W.2d at 790.

21. *Benavides v. State*, 763 S.W.2d 587, 588–89 (Tex.App.—Corpus Christi 1988, pet. ref'd).

Pecos is a city within Reeves County.[22] Accordingly, we find that the trial court did not err in denying the motion for directed verdict and we overrule Lozano's second point of error.

### IRRELEVANT TESTIMONY

Lozano's third and final point of error challenges the trial court's ruling allowing the complainant's mother to testify that Lozano had pointed and laughed at the complainant at a convenience store after the incident. Lozano maintains on appeal that the evidence was irrelevant to any element of the charged offense. We disagree. Lozano was charged with indecency with a child. One of the elements the State must prove in an indecency case is specific intent to arouse or gratify sexual desire.[23] The requisite specific intent to arouse or gratify the sexual desire of any person can be inferred from the defendant's conduct, his remarks, and all surrounding circumstances.[24] Courts have consistently held that the intent to arouse or gratify sexual desire can be inferred from a defendant's laugh or smile at the time of the commission of the offense.[25] At least one court has found that a laugh or smile directed at the complainant after the commission of the offense is relevant to show that the defendant had the intent to arouse or gratify sexual desire at the time of the offense.[26] Accordingly, we find that the evidence of Lozano's behavior after the incident was some evidence that he intended to arouse his sexual desire at the time of the incident.

Lozano further contends that even if the evidence were relevant, it should have been excluded as overly prejudicial. We note, however, that Lozano failed to object to the testimony on the ground of preju-

dice. He objected only that the testimony was not relevant. To preserve error for appellate review, the complaining party must make a timely, specific objection.[27] The objection must state the ground for the ruling that the complaining party seeks from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context.[28] The point of error on appeal must correspond to the objection made at trial.[29] Lozano's failure to object to the evidence as overly prejudicial therefore waived that specific complaint for appeal.

Accordingly, we overrule Lozano's final point of error.

### CONCLUSION

Having considered and overruled each of Lozano's points of error, we affirm the judgment of the trial court.

---

22. *Braddy v. State*, 908 S.W.2d 465, 467–68 (Tex. App.—Dallas 1995, no pet.).

23. TEX. PENAL CODE ANN. §§ 21.01(2) and 21.11(a)(1) (Vernon 1994).

24. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim.App.1981).

25. *Turner v. State*, 600 S.W.2d 927, 931 (Tex. Crim.App.1980); *Rodriquez v. State*, 634 S.W.2d 48, 49–50 (Tex.App.—Amarillo 1982, no pet.).

26. *See Bryant v. State*, 685 S.W.2d 472, 475 (Tex. App.—Fort Worth 1985, pet. ref'd) (appellant

smiled and shrugged shoulders when complainant's mother confronted him shortly after the incident).

27. *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim.App.1991), *cert denied*, 502 U.S. 870, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991).

28. TEX.R.APP. P. 33.1(a)(1)(A).

29. *Turner*, 805 S.W.2d at 431.