COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

BRIAN SCOTT CRISWELL,
)
 No. 08-03-00090-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 238th District Court

)


THE STATE OF TEXAS,
)
 of Midland County, Texas

)


 Appellee.
)
 (TC# CR27566)


MEMORANDUM OPINION



 Brian Scott Criswell appeals his conviction for the offense of stalking. A jury found
Appellant guilty, and the trial judge assessed punishment at imprisonment for a term of five years,
suspended for five years' community supervision, together with a fine of $2,500. We affirm.

FACTUAL SUMMARY


 Appellant married Melissa Criswell in September 1996. They had a stormy relationship and
Melissa ultimately obtained a protective order. Appellant violated the order in December 1997 by
coming near the house where Melissa was staying, by trying to break into the house, and by
damaging their jointly-owned vehicle. The couple divorced in 1999. In March 2001, an altercation
resulted in Appellant's conviction for assault and terroristic threats. The record reveals he slammed
Melissa against several walls, threw her on the bed and choked her, which caused her to be in fear
of bodily injury or death. He also telephoned Melissa and threatened to kill her.

 The record is rather vague as to when Melissa moved into her new residence. She testified
that she lived in Midland County until May 2002 and that all the events alleged in the stalking
complaint occurred prior to that date. A neighbor testified that she did not know exactly when
Melissa moved in but that she had lived next door for approximately five or six months. It would
thus appear that Melissa moved in between December 2001 and January 2002. Appellant began
calling Melissa to inquire about cars parked in front of her house, sometimes at 1 or 2 a.m. She
received complaints from neighbors about Appellant parking on the street and one of the neighbors
saw Appellant sitting in his car and seemingly watching the house on numerous occasions. Melissa
observed Appellant following her and while he did not make any threatening gestures, she took him
seriously due to their violent history.

 Melissa also began receiving telephone calls at all hours of the night, some threatening bodily
injury. When she complained to the Sheriff's Department, she was told she had no proof. 
Consequently, she purchased caller ID and an answering machine to gather evidence. On March 24,
2002, Melissa returned home from church to find numerous calls on her caller ID and some
messages from Appellant. She found his calls to be "mostly threatening," and at one point,
Appellant threatened to cut her head off and kill her before she could leave with the children. Quite
frightened, Melissa called the authorities.

 Deputy John Reese responded to the call and reviewed the numbers on the caller ID. He
noticed that on March 23, Appellant made fourteen telephone calls between 5:06 p.m. and
10:25 p.m. He called twenty times on March 24 between 12:16 a.m. and 9:51 p.m. In fact,
Appellant called while the deputy was present. Reese spoke with him and advised him not to call
the house again. 

 Appellant's version of events was markedly different. He denied parking near Melissa's
home and watching her, claiming that he had only been there to pick up the children for visitation. 
He also denied threatening Melissa. Appellant admitted calling her on March 23 and 24 but could
not remember how many times he had called. She had also called him repeatedly and he had taken
the phone off the hook 

SUFFICIENCY OF THE EVIDENCE


 In Points of Error Nos. One and Two, Appellant contends that the evidence is legally and
factually insufficient to support his conviction because the State did not prove venue and did not
establish a time frame during which the threatening phone calls were made. Appellant argues solely
under the issue of legal sufficiency that the indictment was defective and that the State did not
present evidence that his conduct would cause a reasonable person to fear bodily injury. In addition,
Appellant complains under his factual insufficiency point that the State did not offer evidence that
he committed threatening acts on more than one occasion. We will first address the preliminary
matters of venue and the defect in the indictment.

Venue


 Venue need only be established by a preponderance of the evidence, not proved beyond a
reasonable doubt, and it may be established by direct or circumstantial evidence. Tex.Code
Crim.Proc.Ann. art. 13.17 (Vernon 1977); Lozano v. State, 958 S.W.2d 925, 929 (Tex.App.--El Paso 1997, no pet.). The fact finder may draw reasonable inferences from the evidence. 
Benavides v. State, 763 S.W.2d 587, 588-89 (Tex.App.--Corpus Christi 1988, pet ref'd).

 As we have already noted, Melissa testified that she lived in Midland County until May 2002
and that all the events alleged in the stalking complaint occurred prior to her move. She complained
to the Midland County Sheriff's Department and a deputy responded to her 911 call. Appellant
admitted that on March 24, the day of the complaint, he was making calls from the Budget Inn in
Midland. Upon examination of the evidence, we are persuaded that the State proved the offense
occurred in Midland County by a preponderance of the evidence.

Defect in the Indictment 


 Appellant next complains that the indictment failed to properly charge the offense of stalking. 
The Penal Code establishes the following elements of the offense:

 (a) A person commits an offense if the person, on more than one occasion and
pursuant to the same scheme or course of conduct that is directed specifically
at another person, knowingly engages in conduct, including following the
other person, that:


 (1) the actor knows or reasonably believes the other person will regard as
threatening:


 (A) bodily injury or death for the other person;


 (B) bodily injury or death for a member of the other person's
family or household; or


 (C) that an offense will be committed against the other person's
property;


 (2) causes the other person or a member of the other person's family or
household to be placed in fear of bodily injury or death or fear that an
offense will be committed against the other person's property; and


 (3) would cause a reasonable person to fear:


 (A) bodily injury or death for himself or herself;


 (B) bodily injury or death for a member of the person's family or
household; or


 (C) that an offense will be committed against the person's
property


Tex.Pen.Code Ann. § 42.072 (Vernon 2003). 

 The indictment does not allege that Appellant's actions caused Melissa to be placed in fear
of bodily injury or death or that a reasonable person would fear bodily injury or death, both of which
are elements of the offense. Instead, the indictment alleged:

 BRIAN SCOTT CRISWELL, hereinafter styled Defendant, on or about the 24th day
of March A.D., 2002, and before the presentment of this indictment, in the County
and State aforesaid, on more than one occasion or pursuant to the same scheme or
course of conduct that is directed specifically at another person, to-wit: Melissa
Criswell, knowingly engage in conduct, including following the said Melissa
Criswell, that the said BRIAN SCOTT CRISWELL knows and reasonably believes
the said Melissa Criswell will regard as threatening bodily injury and death for the
said Melissa Criswell: to-wit: by parking BRIAN SCOTT CRISWELL'S car near
said Melissa Criswell's house and watching her house, making threatening phone
calls to the said Melissa Criswell and threatening to cut off the head of the said
Melissa Criswell; against the peace and dignity of the State.


Just before trial, Appellant asked the court to find Section 42.072 unconstitutional as applied to him
because the indictment was lacking these two elements and because the prior enactment of the
statute--which did not contain the reasonable person standard--was found to be unconstitutional. The
court construed his argument as an attempt to quash the indictment, which Appellant admitted was
untimely presented. A defendant must object to a defect of form or substance in an indictment
before the date on which trial commences. See Tex.Code Crim.Proc.Ann. art. 1.14(b)(Vernon
Supp. 2004). The judge denied Appellant's request.

 We note, however, that the jury charge contained the correct recitation of the elements of
stalking. Sufficiency of the evidence is to be measured by the elements of the offense as defined by
the hypothetically correct jury charge for the case. Malik v. State, 953 S.W.2d 234, 240
(Tex.Crim.App. 1997). Such a charge is one that accurately sets out the law, is authorized by the
indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the
State's theories of liability, and adequately describes the particular offense for which the defendant
was tried. Malik, 953 S.W.2d at 240. We turn now to the sufficiency of the evidence.

Legal Sufficiency


 In reviewing the legal sufficiency of the evidence to support a criminal conviction, we must
review all the evidence, both State and defense, in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61
L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 159 (Tex.Crim.App. 1991). This familiar
standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic to ultimate facts.
Jackson, 443 U.S. at 319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573. We do not resolve any conflict of fact
or assign credibility to the witnesses, as it was the function of the trier of fact to do so. See Adelman
v. State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); Matson v. State, 819 S.W.2d 839, 843
(Tex.Crim.App. 1991). Instead, our duty is only to determine if both the explicit and implicit
findings of the trier of fact are rational by viewing all of the evidence admitted at trial in a light most
favorable to the verdict. Adelman, 828 S.W.2d at 422. In so doing, any inconsistencies in the
evidence are resolved in favor of the verdict. Matson, 819 S.W.2d at 843. Further, the standard of
review is the same for both direct and circumstantial evidence cases. Geesa, 820 S.W.2d at 158.

 Appellant argues that the State failed to prove that a reasonable person would fear bodily
injury under the circumstances. Considering Appellant's pattern of behavior, such as repeatedly
calling his former wife, parking outside her house on various occasions, and threatening to cut off
her head, the jury could have easily found that a reasonable person would have been placed in fear
of bodily injury or death. In addition, the parties had a violent history which included Appellant's
violation of a protective order and his conviction for assault and terroristic threats. 

 Appellant also complains that the State did not demonstrate that these acts occurred over a
particular span of time. While the State did not offer evidence of the specific dates on which
Appellant committed these acts, Deputy Reese testified concerning the telephone calls on March 23 
and March 24, 2002. Melissa testified that she had noticed Appellant parking outside her home
"since January" and that she had moved out in May 2002. Her neighbor testified that Melissa had
lived next door for five to six months. The jury could have reasonably inferred that the threatening
phone calls and the stalking occurred on more than one occasion and over a period of time between
the end of 2001 and May 2002. Because we conclude that the evidence is legally sufficient for a
rational jury to find all the essential elements of the crime of stalking beyond a reasonable doubt, we
overrule Point of Error No. One.

Factual Sufficiency


 When conducting a factual sufficiency review, we consider all of the evidence, but we do not
view it in the light most favorable to the verdict. Clewis v. State, 922 S.W.2d 126, 129
(Tex.Crim.App. 1996); Levario v. State, 964 S.W.2d 290, 295 (Tex.App.--El Paso 1997, no pet.). 
We review the evidence weighed by the jury that tends to prove the existence of the elemental fact
in dispute and compare it with the evidence that tends to disprove that fact. Johnson v. State, 23
S.W.3d 1, 7 (Tex.Crim.App. 2000); Jones v. State, 944 S.W.2d 642, 647 (Tex.Crim.App. 1996),
cert. denied, 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997). A defendant challenging the
factual sufficiency of the evidence may allege that the evidence is so weak as to be clearly wrong and
manifestly unjust, or in a case where the defendant has offered contrary evidence, he may argue that
the finding of guilt is against the great weight and preponderance of the evidence. See Johnson, 23
S.W.3d at 11. Although we are authorized to set aside the fact finder's determination under either
of these two circumstances, our review must employ appropriate deference and should not intrude
upon the fact finder's role as the sole judge of the weight and credibility given to any evidence
presented at trial. See id. at 7. We are not free to reweigh the evidence and set aside a verdict merely
because we feel that a different result is more reasonable. Cain v. State, 958 S.W.2d 404, 407
(Tex.Crim.App. 1997); Clewis, 922 S.W.2d at 135.

 Appellant argues that the State used his prior convictions to establish that events occurred
on more than one occasion and thus violated his right against double jeopardy. The prior convictions
were admitted as extraneous offenses to demonstrate a continuing plan, motive, and intent. See
Tex.R.Evid. 404(b). Appellant's right against double jeopardy has not been violated. As to the
sufficiency of the evidence establishing that acts occurred on more than one occasion, Deputy Reese
testified that Appellant made fourteen calls to Melissa's residence on the March 23 and twenty calls
on the March 24. Both Melissa and her neighbor testified that Appellant frequently parked outside
the house, watching or waiting for her to arrive home. Melissa also explained that Appellant had
followed her on several occasions. Although Appellant denied the allegations, it is within the jury's
province to judge the credibility of witnesses, to resolve any inconsistencies in testimony, and to
determine the weight to be accorded to testimony. See Lee v. State, 51 S.W.3d 365, 369 (Tex.App.--Austin 2001, no pet.). Because their resolution of this issue is not contrary to the overwhelming
weight of the evidence, we overrule Point of Error No. Two.

PUNISHMENT ISSUES


 Appellant next complains that he should have been sentenced under the former stalking
statute, a Class A misdemeanor. See Acts 1999, 76th Leg., ch. 62, amended by Acts 2001, 77th Leg.,
ch. 1222, § 3. The current enactment provides for punishment as a third degree felony. See
Tex.Pen.Code Ann. § 42.072. For purposes of Section 42.072, an offense committed before
September 1, 2001 is covered by the law in effect when the offense was committed. See
Tex.Pen.Code Ann. § 42.072 historical note (Vernon Supp. 2004) [Act of 2001, 77th Leg., R.S.,
ch. 1222, § 3]. Appellant contends that stalking is a continuing offense and that acts constituting part
of the offense were committed as far back as 1995 and continued until March 2002. He again argues
that the State offered his prior convictions in violation of his right against double jeopardy. 

 A trial court's decision to admit evidence is reviewed under an abuse of discretion standard. 
We will not reverse the trial court's ruling if it falls within the zone of reasonable disagreement. 
Tex.Code Crim.Proc.Ann. art. 37.07, § 3(g)(Vernon Supp. 2004); Tex.R.Evid. 404(b); Mitchell
v. State, 931 S.W.2d 950, 953 (Tex.Crim.App. 1996). Appellant's prior convictions were admitted
as extraneous offenses under Rule 404(b), not to prove elements of the offense of stalking or to show
conduct occurring on more than one occasion. See Tex.R.Evid. 404(b). The convictions were
relevant because they established whether Melissa feared bodily injury or death based on Appellant's
pattern of behavior. See Clements v. State, 19 S.W.3d 442, 451-52 (Tex.App.--Houston [1st Dist.]
2000, no pet.). We find no abuse of discretion in the admission of Appellant's prior convictions. 

 However, his contention that the State offered evidence that he had been stalking Melissa
since 1995 is more problematic. At trial, Melissa was asked whether she reported to the police that
Appellant had been parking outside her residence since early 2001. Without answering the question,
she testified that Appellant's behavior began as early as 1995, when they were dating, and that she
had noticed his parking at her residence "since January." The record suggests that Melissa moved
into the residence between December 2001 and January 2002. Her complaints of stalking thus
coincided with her residency, which began after the effective date of the statute.

 Our decision is supported by Clements, which addressed the admissibility of events that
occurred before the effective date of the stalking statute. 19 S.W.3d at 451. There, the effective date
of the statute was January 23, 1997, and the trial court had admitted evidence concerning events that
occurred in 1996. Id. at 445-46. The court of appeals concluded that the trial court was required to
determine whether the complainant had been placed in fear of bodily harm or death and that those
events established a pattern of behavior and were not used to prove the elements of the offense. Id.
at 451. We similarly conclude that events occurring after the effective date of the statute were used
to establish the elements of the offense and preceding events were admitted only to show Melissa's
fear of bodily injury or death. Finding no abuse of discretion, we overrule Point of Error No. Three. 
The judgment of the trial court is affirmed.



February 12, 2004 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)