COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

HECTOR MALDONADO,                                  )

                                                                              )              
No.  08-02-00469-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
109th District Court

THE STATE OF TEXAS,                                     )

                                                                              )          
of Andrews County, Texas

Appellee.                           )

                                                                              )                       (TC# 4025)

                                                                              )

 

 

O
P I N I O N

 

Hector Maldonado
appeals his conviction for two counts of the offense of indecency with a child
by contact.  The jury found the Appellant
guilty of both counts and assessed a punishment of 5 years on Count One and 10
years on Count Two.  We affirm.

On or about
December 31, 1996, Appellant and his then nine-year-old daughter, K.M., were
home watching television when Appellant molested her.  They were laying on the same couch when
Appellant reached under the covers and touched his daughter=s vagina over her clothes.  K.M. felt uncomfortable and immediately went
to inform her mother about the incident. 
Maria Maldonado, K.M.=s
mother, confronted Appellant about the touching which he admitted.  Appellant=s
excuse was that he was drunk at the time and had confused his daughter for his
wife.








The next incident
happened in May, 2001.  Appellant had
been drinking when he got in a fight with his wife over whether K.M. should
attend prom.  Afterwards, Appellant asked
K.M. to drive him to his family=s
house in Levelland.  K.M. did so, against
her mother=s wishes,
because she was angry at her mother for not letting her go to the prom.  They stayed the night at his family=s house where they slept together in a
hide-a-bed.  Early in the morning while
they were still laying in bed, Appellant started touching K.M.=s vagina over her clothes.  Later in the morning, K.M. moved to a bedroom
in order to get some more sleep and Appellant followed her.  They were laying down when Appellant used his
hands to open K.M=s legs to
touch her vagina; however, this time he touched her under her clothes.  While this was happening, Appellant asked her
if it felt good.  After a while, he
stopped and got up.  K.M. got up as well
and got dressed so that they could leave. 
While they were driving back home, Appellant touched her again under her
clothes.

The next incident
happened that same year on K.M.=s
birthday on August 4.  The family had
gone to Asherton for K.M.=s
grandfather=s
funeral.  K.M. was sleeping on the floor
when Appellant got up and offered to let her sleep on the couch where he was
laying.  She accepted, thinking that
Appellant was going to sleep somewhere else; however, he laid back on the same
couch.  While laying down, he started
touching her vagina under her clothes and putting his fingers inside of
her.  He also grabbed her hand and put it
around his penis.  After a while, he got
up to go to the restroom and when he came back, he laid down on a recliner.








The last incident
occurred that same year around September or October.  Appellant had taken down K.M.=s bedroom door at his wife=s request because she felt that K.M.
spent too much time in there.  One night,
Appellant went to K.M.=s
room where he put his hands under the covers and asked several times if he
could touch her.  K.M. said no and told
him that she needed to get some sleep. 
He asked why she was refusing him when it appeared that it had not
bothered her before.  Afterwards, he
began touching her vagina; however, he stopped when he heard somebody moving
around in the house.  He got up and left
only to come back after a while to ask her again.  She refused him again and pushed him away; he
left her bedroom.

In November 2001,
K.M. and her mother made a report with Children Protective Services in which
K.M. stated that Appellant had touched her upper thigh.  Appellant was arrested on March 7, 2002, and
was subsequently charged with two counts of the offense of indecency with a
child, allegedly committed in Andrews County, Texas on or about November 7,
2001 and on or about December 31, 1996. 
Appellant plead not guilty to both counts and the case was submitted to
a jury.  The jury found Appellant guilty
on both counts and assessed punishment at 5 years for Count One and 10 years
for Count Two.  The judge accumulated the
sentences to run consecutively.  See
Tex.Pen.Code Ann. ' 3.03 (Vernon 2003).

The Appellant=s only issue contends that the State
failed to show by a preponderance of the evidence that the offenses were
committed in Andrews County, and therefore failed to prove that venue existed
in Andrews County.

Standard
of Review








For assault cases,
venue lies in the county in which the offense was committed.  Tex.Code
Crim.Proc.Ann. art. 13.18 (Vernon 1977). 
It is presumed that venue is proven in the trial court unless the record
affirmatively shows otherwise or venue is made an issue at trial.  See Tex.R.App.P.
44.2(c)(1).  A plea of not guilty puts in
issue the allegations of venue, and the State must prove such allegations or a
conviction will not be warranted.  Tex.Code Crim.Proc.Ann. art. 13.17; see
Black v. State, 645 S.W.2d 789, 790 (Tex.Crim.App. 1983).  When venue is made an issue in the trial
court, failure to prove venue in the county of prosecution constitutes
reversible error.  Black, 645
S.W.2d at 790.

Generally, in
criminal cases venue need only be proved by a preponderance of the
evidence.  Black, 645 S.W.2d at
790.  Proof of venue in criminal case may
be demonstrated by either direct or circumstantial evidence.  Id. 
For purposes of determining venue in a criminal case, the trier of fact
may make reasonable inferences from the evidence.  Braddy v. State, 908 S.W.2d 465, 467
(Tex.App.BDallas
1995, no pet.); see Lozano v. State, 958 S.W.2d 925, 929 (Tex.App.--El
Paso 1997, no pet.).  The evidence is
sufficient to establish venue if Afrom
[that] evidence the jury may reasonably conclude that the offense was committed
in the county alleged.@  Rippee v. State, 384 S.W.2d 717, 718
(Tex.Crim.App. 1964).  The appellate
court maintains this deference to the jury=s
findings, by finding fault only when A>the verdict is against the great
weight of the evidence presented at trial so as to be clearly wrong and unjust.=@  Jones v. State, 944 S.W.2d 642, 648
(Tex.Crim.App. 1996).








Appellant argues
that venue as to the offenses was never established by the evidence offered at
trial.  He contends that the testimony of
City of Andrews Police Officer Captain Michael E. Angel, in which he read aloud
a written portion of a statement given by the Appellant, only revealed the
street where Appellant  lived on December
31, 1996 and not the county.  Appellant
argues that under the authority of Black, the State failed to prove that
Andrews County was the proper venue of prosecution for the offense that took
place on December 31, 1996.  See Black,
645 S.W.2d at 790.  However, this case is
not similar to Black, because in that case, the only evidence offered to
prove venue was the testimony of two police officers that stated that they
worked for Tyler Police Department; and that A[Defendant]
was >in the
twenty-one hundred block of North Alfred that day.=@ 
See Black, 645 S.W.2d at 791. 
But in the case at hand, there is other testimony that shows that the
offenses took place in Andrews County.  

Next, Appellant
contends that K.M.=s
testimony failed to prove that the sexual offenses took place in Andrews
County.  At trial, the complainant first
mistakenly testified that on December 31, 1996, she lived in
Asherton.  However, this was later
clarified when she testified on cross-examination that she had lived in Andrews
on December 31, 1996.

Appellant asserts
that venue as to the second offense was never established because of the lack
of reference to a specific date.  He
argues that K.M.=s
testimony, which refers to Aanother
incident last year about the prom,@
is confusing and does not establish a timeframe to help identify location in
relation to a sexual offense in Andrews County. 
This argument fails because there is sufficient direct and
circumstantial evidence to determine that Alast
year@ refers
to 2001.  See Black, 645
S.W.2d at 790.  The record shows that
K.M. was asked if the last incident took place Alast
year@ in order
to clarify her statement of  Athat same year@
in her testimony when referring to the last three offenses.  The testimony was given in 2002; therefore, a
jury could reasonably infer that Alast
year@ refers
to 2001.  See Rippee, 384
S.W.2d at 718.  In addition, the record
shows that K.M.=s
testimony determined that she was Aat
the house in Andrews@
when she was referring to the last incident that took place in Andrews.








As the trier of
fact on the issue of venue, the jury may make reasonable inferences from the
evidence.  Couchman v. State, 3
S.W.3d 155, 161 (Tex.App.--Fort Worth 1999, pet. ref=d).  In this case, no one directly testified that
the offense took place in Andrews County, Texas, but sufficient circumstantial
evidence was offered for the jury to reasonably infer that the offense occurred
there.  See id.; Lozano,
958 S.W.2d at 929.  K.M. testified that
the two incidents occurred in Andrews. 
K.M.=s mother
confirmed that they were living in Andrews when she had Appellant remove the
door from K.M.=s room,
which is consistent with K.M.=s
testimony regarding the second offense. 
This Court may take judicial notice of the fact that Andrews is a city
within Andrews County, Texas.  Black,
645 S.W.2d at 793; Moore v. State, 209 S.W.2d 192, 194 (Tex.Crim.App.
1948)(Opin. on reh=g); Sixta
v. State, 875 S.W.2d 17, 18 (Tex.App.--Houston [1st Dist.] 1994, pet. ref=d). 
Since the jury could have reasonably inferred that the charged offenses
occurred in Andrews County, as alleged in the indictment, we conclude the State
proved venue by a preponderance of the evidence.  Appellant=s
sole issue is overruled.

We affirm the
trial court=s
judgment.

 

 

 

June
25, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)