NO. 07-07-0485-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 22, 2008

______________________________


EMMA L. CZARNECKI, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;

NO. 2006-498,812; HONORABLE LARRY B. “RUSTY” LADD, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
          Following a plea of not guilty, Appellant, Emma L. Czarnecki, was convicted of
driving while intoxicated and sentenced to 120 days confinement in the Lubbock County
Jail. She was assessed a $1,000 fine, which was suspended. The Trial Court’s
Certification of Defendant’s Right of Appeal contained in the supplemental clerk’s record
filed on February 13, 2008, does not comply with the requirements of Rule 25.2(d) of the
Texas Rules of Appellate Procedure.


 As of September 1, 2007, a defendant must sign
and receive a copy of the certification. Additionally, the new form provides certain
admonishments to a defendant not previously required. 
          Consequently, we abate this appeal and remand this cause to the trial court for further
proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure
a proper Certification of Defendant’s Right of Appeal in compliance with Rule 25.2(d). Once
properly completed and executed, the certification shall be included in a supplemental clerk’s
record. See Tex. R. App. P. 34.5(c)(2). The trial court shall cause this supplemental clerk's
record to be filed with the Clerk of this Court by November 6, 2008. This order constitutes
notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the
defective certification. If a supplemental clerk’s record containing a proper certification is not
filed in accordance with this order, this matter will be referred to the Court for dismissal. See
Tex. R. App. P. 25.2(d). 
           It is so ordered.
                                                                                  Per Curiam
 
Do not publish.



into the body shop with the satchel. 
Appellant stayed in the body shop for approximately 30 minutes and came back to the van
with the satchel. Edward Martinez, owner of Ed's Paint and Body Shop, testified that
appellant had worked for him briefly during 1998. He testified that appellant came by his
shop to sell him a gun, and he purchased it for $100. 

 At the conclusion of the State's evidence, appellant moved for an instructed verdict
on the charge of burglary of a habitation and unlawful possession of a firearm by a felon,
contending that the evidence was legally insufficient to sustain a conviction "as to either
one or both counts." The trial court denied the motion. During appellant's case-in-chief, 
Lee Ramero testified that he was one of the occupants that traveled in the van from
O'Donnell to Lubbock in March, 1998. Ramero testified that Bobby got into the van in
O'Donnell with a bag which had a shoulder strap, but that the appellant did not bring a
satchel onto the van. Ramero testified that both appellant and Bobby exited the van in
Lubbock and went inside the auto body shop with the satchel. 

 Appellant's counsel contended in his opening statement that appellant neither
burglarized Saleh's house nor possessed a firearm in Lynn County, Texas, as the State
alleged. Appellant maintains that the issue of venue was again raised during closing
arguments, wherein his counsel stated, "I told you in the beginning what I expected the
evidence to prove during my opening statement . . . ." Appellant relies on Cunningham v.
State, 848 S.W.2d 898, 901-02 (Tex.App.--Corpus Christi 1993, pet. ref'd), where the court
held that the defendant timely raised the issue of venue during closing argument because
the State could have produced evidence proving venue following the argument. 

 Appellant also maintains that the issue of venue was addressed in his motion for
instructed verdict. A motion for instructed verdict which specifically challenges the proof
of venue timely raises and preserves the issue on appeal. See Black, 645 S.W.2d at 790-91; Lozano v. State, 958 S.W.2d 925, 929 (Tex.App.--El Paso 1997, no pet.). In this
instance, appellant did not specifically challenge venue in his motion for directed verdict;
rather, he challenged the overall legal sufficiency of the evidence. Venue is not a
"criminative fact" and thus, not a constituent element of the offense. Fairfield v. State, 610
S.W.2d 771, 779 (Tex.Crim.App. 1981).

 We conclude that the venue issue was raised and preserved by appellant. The
State's final argument specifically addressed the venue issue at some length. The record
demonstrates that the State was well aware of appellant's position that although he may
have sold the pistol in Lubbock County, the evidence did not prove that he possessed a
firearm in Lynn County. 

 We further conclude, however, that the trier of fact could have reasonably inferred
from the evidence that appellant possessed a firearm in Lynn County. The testimony,
which contained significant conflicts, is not challenged by appellant as being insufficient
to support his conviction for burglary of Saleh's home in Lynn County. Saleh testified that
a .357 magnum revolver with serial number 05943V was among the items stolen from his
home. One of the occupants in the van that traveled from O'Donnell to Lubbock the day
after the incident testified that when appellant was picked up, he entered the van with a
satchel, then later carried the satchel into Ed's Paint and Body Shop in Lubbock. Edward
Martinez testified that appellant came to his shop in Lubbock and sold him a pistol. The
pistol was later entered into evidence and was identified as a .357 magnum with serial
number 05943V. 

 There was conflicting testimony whether Bobby or appellant brought the satchel
containing the pistol onto the van in O'Donnell, in Lynn County. One of the jury's functions
is to resolve conflicts in the evidence. The credibility of the witnesses and their testimony
is within the domain of those matters entrusted to a jury for resolution. See Garcia v.
State, 919 S.W.2d 370, 382 n.6 (Tex.Crim.App. 1994). As an appellate court we may only
set aside the jury's verdict for factual insufficiency if the entire record shows that evidence
supporting the jury's finding is so weak as to be clearly wrong and manifestly unjust. See
Johnson, 23 S.W.3d at 11. The record before us does not clearly reveal that a different
result from that reached by the jury is appropriate. Resolution of conflicts in testimony
turns on an evaluation of credibility and demeanor of the witnesses, which is primarily a
determination to be made by observation of the witnesses giving the testimony. See id.
at 8. The jury's finding that appellant possessed a firearm in Lynn County is not supported
by such weak evidence that it is clearly wrong and manifestly unjust. Appellant's first issue
is overruled.

III. IMPROPER JURY INSTRUCTION ON VENUE

 By his second issue, appellant contends that the jury charge contained erroneous
instructions on venue. He asserts that the court instructed the jury as to provisions of 
Articles 13.17 and 13.19, when Article 13.18 was the proper provision to be applied. 
Appellant asserts that Article 13.17 only authorizes an allegation of venue in the county
of prosecution when Chapter 13 of the Code of Criminal Procedure contains a specific
venue provision for the offense charged. Because there is no specific venue provision in
Chapter 13 for the offense of unlawful possession of a firearm by a felon, appellant asserts
that Article 13.17 is inapplicable to his case. Appellant further asserts that because
evidence established that the offense was allegedly committed in Lubbock County where
appellant sold the pistol, the jury should have been instructed on the general venue
provisions of Article 13.18, and not the provisions of Article 13.19, which address offenses
for which venue cannot be determined.

 Appellant cites Wood v. State, 573 S.W.2d 207 (Tex.Crim.App. 1978) as authority
that (1) Article 13.19 is applicable to cases in which the county or counties in which the
offense took place is in factual dispute, but not to cases in which only the locus of the
commission of certain elements is in dispute, and (2) Article 13.18 applies to prosecutions
in counties in which the offense was committed. 

 Appellant claims that he was egregiously harmed by the instructions in the charge
because the evidence was insufficient to prove that he possessed a firearm in Lynn
County. He posits that the evidence presented by the State would have allowed a finding
that he possessed a firearm in Lubbock County, and that such evidence and the court's
instruction would have allowed the jury to find venue proper in Lynn County, despite the
fact that he was not indicted under the venue provisions of Article 13.19. He cites no
authority for his allegation that the instructions resulted in egregious harm. 

A. Standard of Review and Law

 If the error in the charge was the subject of a timely objection in the trial court, then
reversal is required if the error is "calculated to injure the rights of defendant." In other
words, an error which has been properly preserved by objection will call for reversal as
long as the error is not harmless. See Almanza v. State, 686 S.W.2d 157, 171
(Tex.Cr.App. 1984) (en banc). If proper objection was not made at trial, reversal is
warranted only if the error is so egregious and created such harm that the defendant "has
not had a fair and impartial trial." Id. The degree of harm must be determined in light of
the entire jury charge, the state of the evidence, including the contested issues and weight
of probative evidence, the argument of counsel and any other relevant information
revealed by the record of the trial as a whole. Id.

B. Analysis

 The court instructed the jury as follows:

 An indictment may allege that the offense was committed in the county
where the prosecution is carried on. To sustain the allegation of venue, it
shall only be necessary to prove by the preponderance of the evidence that
by reason of the facts in the case, the county where such prosecution is
carried on has venue.


 If an offense has been committed within this state and it cannot readily be
determined within which county or counties the commission took place, trial
may be held in the county in which the defendant resides, in the county in
which he is apprehended, or in the county to which he is extradited.


The first paragraph of the court's instruction is effectively a variation of both Articles 13.17
and 13.18 concerning proof of venue. The burden of proof is properly stated and allocated
to the State. The instruction does not preclude a finding of venue under the language of
the indictment in this matter. The second paragraph effectively instructs the jury as to the
provisions of Article 13.19. 

 We have previously overruled appellant's issue asserting that the evidence was
factually insufficient to support a finding that appellant possessed a firearm in Lynn
County. Thus, appellant's claim of egregious harm because of insufficiency of the
evidence to find venue in Lynn County is not well taken. 

 Moreover, the application paragraph of the jury charge instructed the jury that
appellant was to be found guilty as charged in the indictment ". . . if you find from the
evidence beyond a reasonable doubt that on or about March 14, 1999, (2) in Lynn County,
Texas, the defendant, Robert Miller, did then and there intentionally or knowingly possess
a firearm, . . ."; but, otherwise, appellant was to be found not guilty. The application
paragraph, therefore, did not allow the jury to find appellant guilty of possessing a firearm
in any county other than Lynn County, which was the county charged in the indictment,
despite the second paragraph of the venue instructions. And, the verdict forms required
the jury to find appellant either guilty or not guilty of the offense of unlawful possession of
a firearm "as charged in the indictment," which restricted the jury's consideration to
whether appellant possessed a firearm in Lynn County. 

 In reviewing the entire record, the final arguments and the jury charge, we conclude
that appellant has not shown that even if the jury charge was in error, the harm was such
that he did not have a fair and impartial trial; that is, he did not suffer egregious harm by
such error. We overrule appellant's second issue.

CONCLUSION

 Having overruled both of appellant's issues, we affirm the judgment of the trial court. 


 Phil Johnson

 Justice

Do not publish. 
1. Further references to an article of the Code of Criminal Procedure will be by
reference to "Article _."
2. The date of the offense alleged in the charge of March 14, 1999, is at variance with
the offense date alleged in the indictment of March 14, 1998. Appellant did not object in
the trial court to the variance between the dates alleged in the indictment and the charge,
nor has appellant assigned any error to the variance on appeal.