COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

RICKY RUSSELL KUCHA,                                           No. 08-09-00281-CR

§

Appellant,                                                              Appeal from

§

v.                                                                 112th District Court

§

THE STATE OF TEXAS,                                        of Pecos County, Texas

§

Appellee.                                                         (TC # 2875)

§

**O P I N I O N**

Ricky Russell Kucha appeals his conviction of theft of property enhanced by two prior felony convictions. After finding Appellant guilty, the trial judge found both enhancement paragraphs true and assessed punishment at twenty years' imprisonment.[1] For the reasons that follow, we affirm.

**FACTUAL BACKGROUND**

On the night of October 7, 2008, Lorne Smith, a surveyor from Oklahoma, spent the night at the Best Western Hotel in Fort Stockton, Texas.[2] Smith was in Texas to do some work for an oil firm in Fort Stockton. To assist with his job, Smith brought an all-terrain vehicle (ATV) mounted on a utility trailer. Smith saw the ATV, sitting on the trailer, securely attached to his truck, in the parking lot of the Best Western at approximately 10 p.m.

The next morning, between 6:30 and 7 a.m., Smith awoke and discovered the utility trailer

---

[1] At trial, the State filed a Motion for Joinder requesting Appellant's cause be joined with his co-defendant, Rick John Brunner. The Court approved the joinder and the cases were consolidated for purposes of the bench trial. After hearing evidence, the trial judge found Appellant and Brunner guilty and sentenced each to twenty years' imprisonment in the Texas Department of Criminal Justice, Institutional Division (TDCJ). Rick John Brunner appeals his conviction in a companion case, *Brunner v. State,* 08-09-00289-CR.

[2] The City of Fort Stockton is in Pecos County where this case was tried.

and ATV missing. He promptly reported the theft to the local police. Officer Chris Orona responded to the call and took Smith's statement. Smith also provided the officer with two documents which were admitted into evidence. The first was a receipt for the purchase of the ATV. It described the ATV as a "new ranger," listed a serial number for the vehicle, and listed a price of $11,550. The second document was a certificate of ownership for the utility trailer which included a vehicle identification number. Smith identified both documents at trial.

That same day, at approximately 12:30 p.m., two men (later identified as Appellant and Kucha) pulled into the Wildcat Express convenience store and gas station in Weimar, Texas.[3] Shirley Ulrich, an employee at the gas station, testified that the two men arrived in a truck, pulling a utility trailer with an ATV. One of the men got out of the car and asked her to turn on the pump, which she did. She noticed the truck did not have a front license plate so she kept on eye on the men as they pumped the gas. Sure enough, a few minutes later the two men drove off without paying for the gas.

Nick Fumakeya, the owner of the gas station, was also present at the store. As soon as the men drove off, he jumped into his truck and followed them. His employees called the local police and reported the incident. At some point during his pursuit, the police caught up. Fumakeya backed off the chase and Sheriff Wied took over, eventually pulling the two men over a few miles down the road.

Sheriff Wied, along with the back up officers who arrived on the scene, identified the driver as Appellant and the passenger as Kucha. He ran both driver's licenses and discovered outstanding warrants for their arrest based on parole violations. Sheriff Wied then ran the truck's license plate and found it had been reported stolen out of El Paso County. He arrested the two men and turned

---

[3] Weimar is located in Colorado County, approximately 415 miles from Fort Stockton.

them over to the Weimar Police Department, who later discovered the utility trailer and ATV had also been stolen. Sheriff Wied testified that neither suspect claimed ownership nor showed any proof of ownership with regard to the vehicles.

At trial, the State introduced several photographs of the utility trailer and ATV recovered from Appellant and Kucha. Smith, Ulrich, Fumakeya, and Sheriff Wied all identified the trailer and ATV in the photos as those they had seen on October 7 and 8, 2008.

During closing arguments, defense counsel moved for an instructed verdict, claiming the State failed to prove venue as alleged in the indictment because no evidence was presented establishing that his client obtained possession of, exercised control over, or attempted to deprive the owner of his property in Pecos County, including no evidence his client was ever seen in Pecos County. While the court did not directly rule on the motion, the trial judge implicitly overruled it when he found Appellant guilty of theft, "as alleged in the indictment occurring October 8, 2008, in Pecos County, Texas."

During the punishment phase, Appellant entered a plea of not true to the enhancement paragraphs. In support of the enhancement paragraphs, the State introduced two penitentiary (pen) packets. The first pen packet, marked as State's Exhibit 12, contained: (1) a certification page from TDCJ; (2) side and frontal photographs of Kucha along with his name and TDCJ identification number; (3) copies of judgments from cause numbers 23,100, 23,101, and 23,102; and (4) a fingerprint card containing Kucha's name, date of birth, physical description, TDCJ identification number, and fingerprints. The second pen packet, marked as State's Exhibit 13, contained: (1) a certification page from TDCJ; (2) side and frontal photographs of Kucha; (3) a certified copies the judgments for cause numbers 312888, 573014, and 19,812; and (4) a fingerprint card containing Kucha's name, physical description, TDCJ identification number, and fingerprints. The State's

fingerprint identification expert, Pat Harris, testified that Appellant's fingerprints matched those in the pen packets. Appellant objected to the admission of Exhibit 12 as evidence to support the enhancement paragraphs of the indictment because he was not given proper notice. The trial judge admitted the exhibit for the limited purpose of punishment and noted Exhibit 12 was not admitted to prove an enhancement paragraph. Thereafter, he found both enhancement paragraphs true and sentenced Appellant to twenty years' imprisonment.

## VENUE

In Issue One, Appellant complains that the evidence was legally insufficient to establish venue in Pecos County, Texas. In Issue Two, he contends the trial court erred in failing to instruct a verdict of acquittal when the evidence was legally insufficient to establish venue. Because Issues One and Two both hinge on the argument that the State failed to prove venue, we address them together.

### *Standard of Review*

We presume that venue is proved at the trial court unless the record affirmatively shows the contrary or venue is specifically made an issue at trial. TEX.R.APP.P. 44.2(c )(1); *see Clark v. State*, 558 S.W.2d 887, 891 (Tex.Crim.App. 1977); *Lozano v. State*, 958 S.W.2d 925, 929 (Tex.App.--El Paso 1997, no pet.). A motion for an instructed verdict of acquittal directly challenging proof of venue timely raises and preserves the issue for appeal. *Black v. State*, 645 S.W.2d 789, 791 (Tex.Crim.App. 1983); *Lozano*, 958 S.W.2d at 929. Therefore, we cannot adhere to the presumption the State met its burden of proof. *See Black*, 645 S.W.2d at 793.

Failure to prove venue in the county of prosecution is reversible error. *Black*, 645 S.W.2d at 791; *Lozano*, 958 S.W.2d at 929. Because venue is not a "criminative fact," thus not a constituent element of the offense, it must only be proven by a preponderance of the evidence, rather than

proved beyond a reasonable doubt. TEX.CODE CRIM.PROC.ANN. art. 13.17 (West 2005); *Black*, 645 S.W.2d at 790; *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex.Crim.App. [Panel Op.] 1981)(noting that a failure to prove venue does not negate the guilt of the accused).

Proof of venue may be established by direct or circumstantial evidence. *Black*, 645 S.W.2d at 790; *Lozano*, 958 S.W.2d at 929. The trier of fact may make reasonable inferences from the evidence. *Valdez v. State*, 993 S.W.2d 346, 349 (Tex.App.--El Paso 1999, pet. ref'd); *Lozano*, 958 S.W.2d at 929; *Ybarra v. State*, No. 08-00-00531-CR, 2003 WL 550285, at *6 (Tex.App.--El Paso Feb. 27, 2003, no pet.)(not designated for publication). The evidence is sufficient if the jury may reasonably conclude that the offense was committed in the county alleged. *Black*, 645 S.W.2d at 793; *Rippee v. State*, 384 S.W.2d 717, 718 (Tex.Crim.App. 1964).

On appeal, we view all the evidence in the light most favorable to the verdict and then determine whether a rational trier of fact could have found venue was proper by a preponderance of the evidence. *Gabriel v. State*, 290 S.W.3d 426, 435 (Tex.App.--Houston [14th Dist.] 2009, no pet.), *citing Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). If there is evidence establishing venue by a preponderance, we are not authorized to reverse the judgment on sufficiency of the evidence grounds. *Gabriel*, 290 S.W.3d at 436.

*Applicable Law*

The theft-specific venue statute states:

Where property is stolen in one county and removed by the offender to another county, the offender may be prosecuted either in the county where he took the property or in any other county through or into which he may have removed the same.

TEX.CODE CRIM.PROC.ANN. art. 13.08 (West Supp. 2010). On appeal, Appellant contends: (1) there was no evidence to prove venue because no one saw Appellant in Pecos County on October 8, 2008,

and (2) there was no evidence of measurable passages of time or a path as required to prove venue. Appellant relies on *Bollinger v. State*, 224 S.W.3d 768 (Tex.App.--Eastland 2007, pet. ref'd) to support his contention that the State did not carry its burden of proof. There, deputies stopped Bollinger in Sutton County and found several guns in his trunk. *Id.* at 772. The serial numbers on the guns were later matched to firearms which had been stolen in Midland County. *Id.* at 773. Bollinger was tried and convicted for possession of a firearm in Midland County. *Id.* On appeal, he challenged the legal sufficiency of the evidence to prove venue and argued that no eyewitness saw him with the firearms in Midland County on the date alleged in the indictment. *Id.* at 776. The court noted that while Bollinger made a, "well-articulated argument," he himself had stated that, "were [sic] bringing them back from Midland." *Id.* The court went on to note several pieces of circumstantial evidence, including the matching serial numbers and the fact that the guns had been stolen not long before Bollinger was stopped by the deputies, acknowledging that recent and unexplained possession can support a conviction of theft. *Id.* at 776-77. Since the explanation offered by Bollinger was found to be "clearly false," the court determined the evidence supported the finding that Bollinger possessed the guns in Midland County, therefore making venue in that county proper. *Id.* at 776-77.

Here, Appellant argues that since he made no statement to the arresting officers and did not testify at trial, no evidence was offered to establish "recent and unexplained possession." Despite Appellant's arguments, the logical force of all the evidence, direct and circumstantial, supports the finding that venue was proper in Pecos County. *See Stewart v. State*, 44 S.W.3d 582, 586-87 (Tex.Crim.App. 2001). In *Stewart*, the court held that the theft-specific venue statute attaches at the point where the accused takes control of the property. *Stewart*, 44 S.W.3d at 586-87. The Dallas Court of Appeals has recently relied on *Stewart* to find that where a four-wheeler was originally

taken from a garage in Grayson County and found five months later being sold by the defendant in Rockwall County, the jury could reasonably conclude that he had exercised control over the vehicle initially in Grayson County and then transported it to Rockwall County. Therefore, venue was proper in Grayson County. *See Smith v. State*, No. 05-09-00168-CR, 2009 WL 3449737, at *2 (Tex.App.--Dallas Oct. 28, 2009, no pet.)(not designated for publication).

The trailer and ATV were last seen by Smith in Pecos County on the night of October 7. He discovered them missing and reported the theft in the early morning hours of October 8. Later that same day, Appellant was found in possession of a utility trailer and ATV identified by the owner and bearing matching serial numbers. The trial testimony was also sufficient to establish a measurable passage of time. The truck Appellant and Brunner were driving was stolen from El Paso, the ATV and utility trailer were stolen from Fort Stockton, and the suspects were found along the highway which runs between El Paso and Fort Stockton less than one day after the ATV and trailer were reported stolen. We overrule Issues One and Two.

# PRIOR CONVICTIONS

Appellant was indicted for the offense of theft of property with a value of at least $1,500 but less than $20,000, a state jail felony. TEX.PEN.CODE ANN. § 31.03(e)(4)A)(West Pamphlet 2010). The indictment contained enhancement paragraphs alleging two prior sequential felony convictions, thereby enhancing the offense to a second degree felony. TEX.PEN.CODE ANN. § 12.42(a)(2) (Vernon Supp. 2010). Section 12.42(a)(2) allows a defendant charged with a state jail felony to be punished for a second degree felony if it is shown that, "the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final." TEX.PEN.CODE ANN. § 12.42(a)(2). In two enhancement paragraphs the indictment charged that:

> [O]n the 9th of June, 1980, in cause number 312888, in the 262nd District Court of Harris County, Texas, the defendant was convicted of the felony offense of Aggravated Robbery;

> And it is further presented in and to said court that, prior to the commission of the primary offense, and after the conviction in cause number 312888, was final, the defendant committed the felony offense of Forgery and was convicted on the 24th of August, 1990, in cause number 573014 in the 339th District of Harris County, Texas.

During the punishment phase, Appellant entered a plea of not true to the enhancement paragraphs. The State's fingerprint identification expert, Pat Harris, examined Exhibits 12 and 13. Exhibit 12 is a pen packet with copies of judgments from cause numbers 23100, 23101, and 23102. Exhibit 13 is a pen packet containing certified copies of the judgments for both cause numbers charged in the indictment, 312888 and 573014, as well as a judgment in cause number 19,812.[4] Harris testified that he took Appellant's index and thumb fingerprints that day, and that those prints were contained in

---

[4] In cause number 19,812, Appellant pled guilty to the offense of unauthorized use of a motor vehicle. He also pled true to the enhancement allegations, which enhanced the offense to a third degree felony for which Appellant was convicted and sentenced to fifteen years' imprisonments and a $1,000 fine.

State's Exhibits 10 and 11. He compared those prints to the set contained as part of the pen packets introduced as State's Exhibits 12 and13. Harris testified that the prints in the exhibits matched.

In Issues Three and Four, Appellant contends the trial court erred in sentencing Appellant to twenty years' imprisonment, which is consistent with the punishment for a second degree felony.[5] He argues that the court only found one prior felony conviction, which under Texas Penal Code Section 12.35(c)(2) limits the enhancement of the offense to a third degree felony, capping the possible sentence to ten years' imprisonment. The State counters that the trial court properly found two previous final convictions and Appellant's twenty year sentence is supported by the evidence.

The State had the burden to prove its enhancement paragraphs, as alleged in the indictment, beyond a reasonable doubt. *Beck v. State*, 719 S.W.2d 205, 209-210 (Tex.Crim.App. 1986). A prior conviction can be proven by a "pen packet" which is a record of the defendant's prior conviction(s) from the penitentiary where the defendant was an inmate, along with independent evidence showing that Appellant was the same person named in the previous convictions. *See id.* Such independent evidence could include expert testimony matching Appellant's fingerprints to the fingerprints provided as part of the certified copies and authenticated records contained within the pen packet. *See Rosales v. State*, 867 S.W.2d 70, 72-73 (Tex.App.--El Paso 1993, no pet.), *citing Beck*, 719 S.W.2d at 210.

Appellant maintains the evidence only proves one prior conviction. But he failed to object to the pen packet admitted as State's Exhibit 13 and assigns no error on appeal. Instead, he focuses his argument on State's Exhibit 12, a pen packet which contained three judgments of prior felony

---

[5] Issues Three and Four are so closely related they are combined for purposes of this opinion. They were also addressed together in both the Appellant's and the State's briefs. Technically however, Issue Three asserts, "the trial court erred when it found that the Appellant had been convicted of one prior felony but sentenced the Appellant as if the evidence established two prior convictions," and Issue Four asserts, "the trial court erred when it sentenced to [sic] Appellant to 20 years in prison when the maximum term of imprisonment was 10 years in prison."

convictions. Appellant objected to Exhibit 12 and the judge sustained the objection, in part. He admitted the exhibit as evidence for punishment purposes, including as proof of extraneous offenses, but not for the purpose of proving the enhancement paragraphs as contained in the indictment. Exhibit 12 is all but irrelevant, however, in that both prior convictions alleged in the indictment are contained in, and proven by, Exhibit 13. The judgments in Exhibit 13 are the same cause numbers and descriptions as those contained in the indictment. In addition, a fingerprint examiner testified to the connection between Appellant and those judgments. We conclude that the two judgments contained in Exhibit 13 were sufficient to prove the enhancement paragraphs as alleged by the indictment and that said judgments were sufficiently linked to Appellant. *See Beck*, 719 S.W.2d at 210. We overrule Issues Three and Four and affirm the judgment of the trial court.

August 24, 2011

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)